J-A10031-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| J.T.H., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| H.H., n/k/a H.W., | |
| Appellant | No. 1960 MDA 2014 |

Appeal from the Order entered July 28, 2014,
in the Court of Common Pleas of Lancaster County,
Civil Division, at No(s): CI-13-06575

BEFORE:  GANTMAN, P.J., MUNDY, and JENKINS, JJ.

MEMORANDUM BY JENKINS, J.:                    **FILED AUGUST 19, 2015**

H.H., n/k/a H.W. ("Mother"), appeals from the custody order dated July 25, 2014, and entered on July 28, 2014, that awarded J.T.H. ("Father") and Mother shared legal and physical custody of their minor male child, M.E.H., (born in July of 2001), and their minor female child, C.M.H., (born in December of 2004) (collectively, "the Children").  Upon careful review, we remand.

We summarize the factual and procedural history of this case as follows.  Mother and Father are the natural parents of the Children.  Mother and Father divorced in 2011.  Mother is currently married to J.W., the Children's stepfather ("Stepfather"), with whom she recently had a son, S.W. ("Half-Brother"), in April of 2014.  Mother lives in a six-bedroom house in Strasburg, Pennsylvania, with the Children, Stepfather, Half-Brother, the

Children's paternal uncle, and the Children's maternal grandmother. Prior to giving birth to Half-Brother, Mother worked as a server at Red Lobster, but is now a stay at home caretaker.

Father is currently married to F.H., the Children's stepmother ("Stepmother"). Father lives in a three-bedroom townhouse in Lancaster, Pennsylvania, with the Children, Stepmother, and Stepmother's children. Father works as a certified nurse's aide from 3:00 p.m. to 11:00 p.m. with a two-week rotating work schedule. Based on his work schedule, Father is off on Sunday, works Monday through Thursday, is off on Friday, works Saturday through Monday, is off on Tuesday, works Wednesday through Friday, and is off on Saturday.

On June 28, 2013, Father filed an initial *pro se* complaint in custody, seeking primary physical custody of the Children. Thereafter, the parties submitted their criminal history affidavits. Mother indicated that Stepfather committed an enumerated offense. Consequently, the trial court conducted a risk of harm hearing on August 5, 2013. After the risk of harm hearing, the trial court found Stepfather was not a risk of harm to the Children.

The matter proceeded to trial because the parties could not reach an agreement on the issue of custody at the custody conciliation conference held on August 28, 2013. Prior to trial, the custody conciliator entered a temporary custody order on September 10, 2013, granting primary physical custody to Mother and partial physical custody to Father. The trial court

held a custody hearing on October 21, 2013. On November 7, 2013, the trial court entered a final custody order, awarding both parties shared legal and physical custody of the Children on a two-week rotating basis in order to accommodate Father's work schedule so he could maximize his custodial time with the Children on the days he has off. The two-week rotating basis was as follows:

*Week One*- Monday from after school to Thursday at 5:00 p.m. with Mother;
Thursday at 5:00 p.m. to Friday at 8:00 p.m. with Father;
Friday at 8:00 p.m. to Monday at 5:00 p.m. with Mother.

*Week Two*- Monday at 5:00 p.m. to Wednesday before school with Father;
Wednesday after school to Friday at 5:00 p.m. with Mother;
Friday at 5:00 p.m. to Monday before school with Father.

Trial Court Opinion, 11/7/13, at 6. The trial court ordered "Week One" to begin on Monday, November 11, 2013.

On April 11, 2014, Mother filed a petition to modify custody, seeking primary physical custody. On June 3, 2014, the parties attended a custody conciliation conference with the Children. On June 17, 2014, the custody conciliator issued a temporary custody order, granting primary physical custody to Mother and partial physical custody to Father on a similar, simplified two-week rotating basis.

On July 11, 2014, Father appeared *pro se* and Mother appeared with counsel at a custody hearing. At the custody hearing, the trial court heard the testimony of the Children, Father, Mother, the Children's maternal uncle,

and the Children's maternal aunt. By opinion and order entered July 28, 2014, the trial court awarded the parties shared legal and physical custody of the Children, on a two-week rotating basis and ordered co-parent counseling. The trial court ordered the two-week rotating basis to give Father custody of the Children on his days off during his two-week schedule as follows:

> *Week One-* Father shall have custody of the Children from after school on the Tuesday he has off from work until Monday after school.
>
> *Week Two-* Mother shall have custody of the Children from after school on Monday until the Tuesday of Week One after school.

Trial Court Opinion, 7/28/15, at 8.[1]

On August 28, 2014, Mother filed a notice of appeal, which this Court quashed as untimely filed on October 9, 2014. On October 20, 2014, Mother filed a petition to appeal *nunc pro tunc* from the custody order of July 28, 2014. The trial court entered an order on November 13, 2014, granting Mother's petition to appeal *nunc pro tunc*. On November 19, 2014, Mother filed a notice of appeal *nunc pro tunc*, along with a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b).

On appeal, Mother presents the following issues for our review:

> 1. Did the [t]rial [c]ourt err in that it did not give adequate consideration to the well-reasoned preference of the [C]hildren to maintain Father's every other weekend custody schedule?

---

[1] The trial court's order and opinion specified further custody details including custody start times and holiday and vacation schedules, which we need not reproduce here.

- 4 -

2. Did the [t]rial [c]ourt err in its determination that a shared custody schedule is appropriate where Father is not available for three of the six days during his period of custody and Mother is not working?

3. Did the [t]rial [c]ourt err in its determination that a shared custody schedule is appropriate when Father does not encourage and permit [ ] continued contact between the [C]hildren and Mother during his periods of custody?

4. Did the [t]rial [c]ourt err in that it did not give adequate consideration to the strong relationship that the [C]hildren share with [Half-Brother] in Mother's home?

5. Did the [t]rial [c]ourt err in its determination that a shared custody schedule was appropriate when Father is not flexible with Mother when it comes to issues of co-parenting?

Mother's Brief at 14.

Since the hearing in this matter took place in July 2014, the Child Custody Act ("Act"), 23 Pa.C.S. §§ 5321 to 5340, is applicable. *C.R.F. v. S.E.F.*, 45 A.3d 441, 445 (Pa. Super. 2012) (the Act applies to custody evidentiary proceedings which commence on or after the effective date of the Act, January 24, 2011).

In custody modification cases, our standard of review is as follows:

In reviewing a custody order, our scope is of the broadest type and our standard is abuse of discretion. We must accept findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations. In addition, with regard to issues of credibility and weight of the evidence, we must defer to the presiding trial judge who viewed and assessed the witnesses first-hand. However, we are not bound by the trial court's deductions or inferences from its factual findings. Ultimately, the test is whether the trial court's conclusions are unreasonable as shown by the evidence of record. We may reject the conclusions of the trial court only if they involve an error of law,

or are unreasonable in light of the sustainable findings of the trial court.

*Id.* at 443 (citation omitted).

We have stated:

[t]he discretion that a trial court employs in custody matters should be accorded the utmost respect, given the special nature of the proceeding and the lasting impact the result will have on the lives of the parties concerned. Indeed, the knowledge gained by a trial court in observing witnesses in a custody proceeding cannot adequately be imparted to an appellate court by a printed record.

***Ketterer v. Seifert***, 902 A.2d 533, 540 (Pa. Super. 2006) (*quoting*

***Jackson v. Beck***, 858 A.2d 1250, 1254 (Pa. Super. 2004).

In ***M.A.T. v. G.S.T.***, 989 A.2d 11 (Pa. Super. 2010) (*en banc*), we

stated the following regarding an abuse of discretion standard.

Although we are given a broad power of review, we are constrained by an abuse of discretion standard when evaluating the court's order. An abuse of discretion is not merely an error of judgment, but if the court's judgment is manifestly unreasonable as shown by the evidence of record, discretion is abused. An abuse of discretion is also made out where it appears from a review of the record that there is no evidence to support the court's findings or that there is a capricious disbelief of evidence.

*Id.* at 18-19 (quotation and citations omitted).

With any custody case decided under the Act, the paramount concern

is the best interests of the child. ***See*** 23 Pa.C.S. §§ 5328, 5338.

Section 5323 provides for the following types of awards:

**(a) Types of award.**—After considering the factors set forth in section 5328 (relating to factors to consider when awarding

- 6 -

custody), the court may award any of the following types of custody if it in the best interest of the child:

(1) Shared physical custody.

(2) Primary physical custody.

(3) Partial physical custody.

(4) Sole physical custody.

(5) Supervised physical custody.

(6) Shared legal custody.

(7) Sole legal custody.

23 Pa.C.S. § 5323.

Section 5338 of the Act provides that, upon petition, a trial court may modify a custody order if it serves the best interests of the child. 23 Pa.C.S. § 5338. Section 5328(a) of the Act sets forth the sixteen best interest factors that the trial court must consider. **See** 23 Pa.C.S. § 5328(a); **see also E.D. v. M.P.**, 33 A.3d 73, 80-81, n.2 (Pa. Super. 2011).[2]

Mother filed a petition to modify, seeking a determination of primary physical custody where the parties previously had exercised shared physical custody. In its opinion that accompanied its order, the trial court stated, "In consideration of the relevant factors set forth in 23 Pa.C.S. § 5328(a) as they relate to the Children's best interests in this case, the Court finds. . . ."

---

[2] We note that, effective January 1, 2014, the legislature amended the Act to include an additional factor that provided for consideration of child abuse and involvement with child protective services. **See** 23 Pa.C.S. § 5328(a)(2.1).

- 7 -

*See* Trial Court Opinion, 7/28/14, at 5. The trial court then listed eight matters that it considered, without indicating the specific factor of section 5328(a) to which each paragraph related. In its order entered on July 28, 2014, the trial court awarded shared legal custody and shared physical custody on a two-week rotating basis.

Mother's challenges on appeal relate to whether the trial court committed an abuse of its discretion in continuing shared physical custody instead of granting the modification petition to award her primary physical custody. *See* Mother's Brief, at 17. In her first and second issues, Mother contends that the trial court inadequately considered section 5328(a)(7) and section 5328(a)(12) in its opinion. *See id.* at 18-22. In her third, fourth, and fifth issues, Mother complains that the trial court failed to address sections 5328(a)(1), (6), and (13), respectively. *See id.* at 23-29.

In ***S.W.D. v. S.A.R.***, 96 A.3d 396 (Pa. Super. 2014), a father filed a petition for specific relief requesting the trial court to ratify an informal change to the custody schedule that the parties were following. This Court reasoned that the father requested a modification of physical custody. The panel stated:

> This compelled the trial court to decide which physical custody arrangement was in Child's best interest, squarely implicating an award of a form of custody under 23 Pa.C.S.[] § 5323(a). Therefore, the trial court was required to consider all the § 5328(a) best interest factors. Even if the trial court only reaffirmed its prior order, it nonetheless was ruling upon a request to change the form of physical custody and, therefore,

bound to decide whether the prior order remained in Child's best interest.

*S.W.D.*, 96 A.3d at 406. The panel vacated the portion of the order concerning the change to physical custody, and remanded the matter for preparation of an opinion and order specifically addressing all of the factors under 23 Pa.C.S. § 5328(a) on the issue of physical custody. *S.W.D.*, 96 A.3d at 407.

Moreover, in *A.V. v. S.T.*, 87 A.3d 818 (Pa. Super. 2014), this Court addressed a situation in which the trial court entered an order granting the mother's petition to relocate with the parties' children, but failed to address the section 5328(a) factors in modifying the prior physical custody agreement. The trial court did not file an opinion in support of its order or explain the basis for its decision. In reviewing an appeal filed by the father, this Court stated:

> When deciding a petition to modify custody, a court must conduct a thorough analysis of the best interests of the child based on the relevant Section 5328(a) factors. *E.D. v. M.P.*, 33 A.3d 73, 80 (Pa. Super. 2011). "**All** of the factors listed in section 5328(a) are required to be considered by the trial court when entering a custody order." *J.R.M. v. J.E.A.*, 33 A.3d 647, 652 (Pa. Super. 2011) (emphasis in original). . . . The record must be clear that the trial court considered all the factors. [*E.D.*, *supra* at 81.]
>
> Section 5323(d) provides that a trial court "shall delineate the reasons for its decision on the record in open court or in a written opinion or order." 23 Pa.C.S.[] § 5323(d). Additionally, "section 5323(d) requires the trial court to set forth its mandatory assessment of the sixteen [Section 5328(a) custody] factors prior to the deadline by which a litigant must file a notice

of appeal." ***C.B. v. J.B.***, 65 A.3d 946, 955 (Pa. Super. 2013), *appeal denied*, ___ Pa. ___, 70 A.3d 808 (2013). . . .

In expressing the reasons for its decision, "there is no required amount of detail for the trial court's explanation; all that is required is that the enumerated factors are considered and that the custody decision is based on those considerations." ***M.J.M. v. M.L.G.***, 63 A.3d 331, 336 (Pa. Super. 2013), *appeal denied*, ___ Pa. ___, 68 A.3d 909 (2013). A court's explanation of reasons for its decision, which adequately addresses the relevant factors, complies with Section 5323(d). ***Id.***

***A.V.***, 87 A.3d at 822-823.

The panel in ***A.V.*** further explained the need to discuss all of the

section 5328(a) factors where a party requests a modification of physical

custody from shared to primary, as follows:

We note this Court's recent opinion in ***M.O. v. J.T.R.***, 85 A.3d 1058 (Pa. Super. 2014) (holding trial court need not address Section 5328(a) custody factors in modifying custody order, so long as modification does not affect type of custody award; alteration to terms and conditions of custody order is not "modification" of type of custody award; concluding Section 5328 and Section 5323 did not apply). ***But see E.D., supra*** at 80 (stating: "[W]hen a party files a petition for modification of a custody order, the trial court must perform a 'best interests of the child' analysis considering all of the section 5328(a) factors"). ***Compare M.O.***, *supra* (limiting Section 5323 only to orders awarding or modifying **type** of custody award) **with** 23 Pa.C.S.[] § 5323(c), (f), (g), and (h), (regulating entire scope of custody orders, including requiring elaboration of any terms and conditions of award, and providing for contempt with respect to **any** custody order). Nevertheless, the instant case involves a direct modification of the "type" of custody, from shared physical to partial physical custody, and substantially reduced Father's time with Children.

***A.V.***, 87 A.3d at 824 n.4. The panel in ***A.V.*** found that the trial court's

opinion was a wholesale adoption of the mother's post-trial brief, with minor

changes.  The panel ruled that the trial court's failure to articulate the court's independent reasoning with an analysis deprived this Court of the ability to conduct appellate review.  Thus, the panel remanded the matter for further proceedings.  ***A.V.***, 87 A.3d at 825.

We find that the trial court has failed to comply with section 5323(d), as it has included an incomplete analysis of the section 5328(a) factors in its opinion.  We cannot conduct our appellate review.  Accordingly, we remand the matter for the trial court to address each of the section 5328(a) factors in its opinion to demonstrate that it fully considered the best interests of the Children, consistent with section 5323(d).

Case remanded with instructions.  Panel jurisdiction retained.