J-A29045-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

K.R.W., : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
J.R.R., :
:
Appellant : No. 883 WDA 2015

Appeal from the Order entered on May 4, 2015
in the Court of Common Pleas of Venango County,
Civil Division, No. 810-2014

BEFORE: FORD ELLIOTT, P.J.E., BOWES and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED JANUARY 19, 2016**

J.R.R., ("Father") appeals from the Order[1] dismissing his Petition to Modify an existing Custody Order with regard to his two children with K.R.W. ("Mother"): E.R.R., a daughter born in January 2011; and E.J.R., a son born in November 2012 (collectively, "Children"). We vacate and remand for further proceedings.

On July 17, 2014, Mother filed, in Venango County, a Complaint for Custody, an Emergency Petition for Special Relief, and a Petition for Approval of the transfer of the child custody case from Allegheny County to Venango County. The trial court held a hearing on the Petitions on July 28, 2014. On August 1, 2014, the trial court entered an Interim Custody Order assuming jurisdiction (in Venango County) over the child custody case. In

---

[1] The trial court's Adjudication and Order were dated May 1, 2015, but not filed until May 4, 2015.

addition, the trial court's Order awarded the parties shared physical custody, despite Father's concerns regarding Mother's history of drug addiction, with the provision that the Children would reside with their maternal grandmother while in Mother's physical custody. The trial court also awarded Mother and Father shared legal custody, and scheduled an evidentiary hearing for September 12, 2014.

On December 23, 2014, following two days of hearings,[2] the trial court entered an Adjudication and Order awarding Mother sole legal custody and primary physical custody of the Children. The trial court further awarded Father partial physical custody, in accordance with a schedule. The trial court's Adjudication and Order included the trial court's discussion of its findings related to the sixteen factors ("custody/best interest factors") set forth in section 5328(a) of the Child Custody Act ("the Act").[3]

Father timely filed a Notice of Appeal, along with a Concise Statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(a) and (b), which was docketed at No. 395 WDA 2015. On February 2, 2015, the trial court filed an Opinion pursuant to Pa.R.A.P. 1925(a). However, on March 26, 2015, Father filed a Praecipe to Withdraw his appeal. This Court marked the appeal as discontinued on March 27, 2015.

---

[2] The trial court conducted evidentiary hearings on November 14, 2014, and December 18, 2014.

[3] 23 Pa.C.S.A. §§ 5321 to 5340.

On March 25, 2015, Father filed in the trial court a Petition to Modify Custody and a Petition for Special Relief. In the Petition to Modify, Father asserted that Mother had been charged with possession of marijuana and committing a theft with a small child in her presence. Father asserted that he was having difficulty in contacting Mother, that she apparently had moved, and that the Children were often not with her. Father further alleged that the Children were at risk, in light of Mother's history of illegal drug use. He requested that the trial court modify the existing December 23, 2014 Adjudication and Order as to Mother's sole legal and primary physical custody award. In his Petition for Special Relief, Father alleged the same circumstances, and requested that he be awarded primary custody to him. The trial court scheduled a hearing on Father's Petitions.

The trial court conducted a hearing on April 28, 2015. On May 4, 2015, the trial court entered its Adjudication dismissing Father's Petitions. Further, the trial court adopted its December 23, 2014 Adjudication and Order as its final Order in the custody matter. The trial court's Adjudication did not include a discussion of the section 5328(a) custody/best interest factors.

Father timely filed a Notice of Appeal, along with a Concise Statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(a) and (b).

Father now presents the following two claims for our review:

[1.] Was it error for the trial court to find as a fact that Mother had not used marijuana or other illegal drugs in the past several years[,] when she was arrested [while] carrying marijuana and when her suboxone provider stated she tested positive for opiates and had no explanation for where she was perscribed [*sic*] them?

[2.] Was it error for the trial court to rely on its prior findings related to the custody factors when the facts had changed substantially[,] and when the evidence did not support the conclusions the court had made regarding several of the factors?

Appellant's Brief at 4.[4]

Father claims that the trial court abused its discretion in finding that Mother had not used marijuana or other illegal drugs in the past several years. *Id.* at 13. Father also argues that the trial court erred when it relied upon the findings in its December 23, 2014 Adjudication, as to the statutory custody factors, when the facts had changed substantially, and when the evidence did not support the trial court's conclusions regarding several of the custody/best interest factors. *Id.* at 15.

Upon review of a custody order,

our scope is of the broadest type and our standard is abuse of discretion. We must accept findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations. In addition,

---

[4] Father stated his first issue somewhat differently in his Concise Statement filed on June 3, 2015. However, we find that Father adequately preserved the issue for this Court's review. Notwithstanding, Father failed to preserve his second issue by raising it in his Concise Statement. Accordingly, it is waied. *See Krebs v. United Ref. Co. of Pennsylvania*, 893 A.2d 776, 797 (Pa. Super. 2006) (stating that, a failure to preserve an issue by raising it in both in the concise statement of errors complained of on appeal and the statement of questions involved portion of the brief on appeal results in a waiver of the issue).

with regard to issues of credibility and weight of the evidence, we must defer to the presiding trial judge who viewed and assessed the witnesses first-hand. However, we are not bound by the trial court's deductions or inferences from its factual findings. Ultimately, the test is whether the trial court's conclusions are unreasonable[,] as shown by the evidence of record. We may reject the conclusions of the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court.

**C.R.F. v. S.E.F.**, 45 A.3d 441, 443 (Pa. Super. 2012) (citation omitted).

The discretion that a trial court employs in custody matters should be accorded the utmost respect, given the special nature of the proceeding and the lasting impact the result will have on the lives of the parties concerned. Indeed, the knowledge gained by a trial court in observing witnesses in a custody proceeding cannot adequately be imparted to an appellate court by a printed record.

**Ketterer v. Seifert**, 902 A.2d 533, 540 (Pa. Super. 2006) (quoting

**Jackson v. Beck**, 858 A.2d 1250, 1254 (Pa. Super. 2004)).

With any custody case decided under the Act,[5] the paramount concern is the best interests of the child. **See** 23 Pa.C.S.A. §§ 5328, 5338. Section 5338 of the Act provides that, upon petition, a trial court may modify a custody order if it serves the best interests of the child. 23 Pa.C.S.A. § 5338. Section 5328(a) of the Act, 23 Pa.C.S.A. § 5328(a), sets forth the custody/best interest factors that the trial court must consider in

---

[5] As the custody trial in this matter was held in April of 2015, the Act is applicable. **C.R.F.**, 45 A.3d at 445 (holding that, if the custody evidentiary proceeding commences on or after the effective date of the Act, *i.e.*, January 24, 2011, the provisions of the Act apply).

determining a child's best interests. ***See E.D. v. M.P.***, 33 A.3d 73, 80-81 n.2 (Pa. Super. 2011). These custody/best interest factors are as follows:

(1) Which party is more likely to encourage and permit frequent and continuing contact between the child and another party.

(2) The present and past abuse committed by a party or member of the party's household, whether there is a continued risk of harm to the child or an abused party and which party can better provide adequate physical safeguards and supervision of the child.

(2.1) The information set forth in section 5329.1(a)(1) and (2) (relating to consideration of child abuse and involvement with protective services).

(3) The parental duties performed by each party on behalf of the child.

(4) The need for stability and continuity in the child's education, family life and community life.

(5) The availability of extended family.

(6) The child's sibling relationships.

(7) The well-reasoned preference of the child, based on the child's maturity and judgment.

(8) The attempts of a parent to turn the child against the other parent, except in cases of domestic violence where reasonable safety measures are necessary to protect the child from harm.

(9) Which party is more likely to maintain a loving, stable, consistent and nurturing relationship with the child adequate for the child's emotional needs.

(10) Which party is more likely to attend to the daily physical, emotional, developmental, educational and special needs of the child.

(11) The proximity of the residences of the parties.

(12) Each party's availability to care for the child or ability to make appropriate child-care arrangements.

(13) The level of conflict between the parties and the willingness and ability of the parties to cooperate with one another. A party's effort to protect a child from abuse by another party is not evidence of unwillingness or inability to cooperate with that party.

(14) The history of drug or alcohol abuse of a party or member of a party's household.

(15) The mental and physical condition of a party or member of a party's household.

(16) Any other relevant factor.

23 Pa.C.S.A. § 5328.[6] The trial court may render an award of custody, of the type set forth at 23 Pa.C.S.A. § 5323(a),[7] "[a]fter considering the factors

_____

[6] Effective January 1, 2014, the statute was amended to include an additional factor at 23 Pa.C.S.A. § 5328(a)(2.1) (providing for consideration of child abuse and involvement with child protective services), and, therefore, was in effect at the time of the custody hearing in this matter.

[7] The types of awards specified in section 5323 are as follows:

(1) Shared physical custody.
(2) Primary physical custody.
(3) Partial physical custody.
(4) Sole physical custody.
(5) Supervised physical custody.
(6) Shared legal custody.
(7) Sole legal custody.

23 Pa.C.S.A. § 5323(a)(1)-(7).

set forth in section 5328 (relating to factors to consider when awarding custody) ….” 23 Pa.C.S.A. § 5323(a).

> When deciding a petition to modify custody, a court must conduct a thorough analysis of the best interests of the child based on the relevant Section 5328(a) factors. **E.D.**[,] 33 A.3d [at] 80…. “**All** of the factors listed in section 5328(a) are required to be considered by the trial court when entering a custody order.” **J.R.M. v. J.E.A.**, 33 A.3d 647, 652 (Pa. Super. 2011) (emphasis in original). . . . The record must be clear that the trial court considered all the factors. [**E.D.**, **supra** at 81.]

**A.V. v. S.T.**, 87 A.3d 818, 822-23 (Pa. Super. 2014).

Section 5323(d) of the Act requires the trial court to delineate the reasons for its decision on the record in open court or in a written opinion or order. 23 Pa.C.S.A. § 5323(d).

> In expressing the reasons for its decision, “there is no required amount of detail for the trial court’s explanation; all that is required is that the enumerated factors are considered and that the custody decision is based on those considerations.” **M.J.M. v. M.L.G.**, 63 A.3d 331, 336 (Pa. Super. 2013), **appeal denied**, ___ Pa. ___, 68 A.3d 909 (2013). A court’s explanation of reasons for its decision, which adequately addresses the relevant factors, complies with Section 5323(d). **Id.**

**A.V.**, 87 A.3d at 823.

This Court has recognized only a very narrow exception to this requirement. In **M.O. v. J.T.R.**, 85 A.3d 1058 (Pa. Super. 2014),

> the trial court decided a “discrete and narrow issue ancillary to a materially unchallenged custody arrangement,” *i.e.*, whether Father needed to take time off from work when he had custody of the children over summer vacation. **Id.** at 1059-60 (emphasis added). We held that the trial court was not required to address the § 5328(a) factors. **“Because the trial court did not make an award of custody, but merely modified a discrete custody-related issue, it was not bound to**

> **address the sixteen statutory factors in determining the Children's best interest."** *Id.* at 1063. Thus, the discrete and ancillary issue in *M.O.* did not require the trial court to order any form of custody. Therefore, though the trial court was required to consider the children's best interests, it did not need to specifically address all the § 5328(a) best interest factors.

*M.O.*, 85 A.3d at 1063 n.4 (emphasis added).

Thus, where the trial court decides a discrete and narrow issue, ancillary to the custody order, it need not consider the custody/best interest factors set forth in section 5328(a). *M.O.*, 85 A.3d at 1063; *but see S.W.D. v. S.A.R.*, 96 A.3d 396, 406 (Pa. Super. 2014) (holding that where father sought a modification of the existing custody order with regard to physical custody, the trial court erred by failing to address all of the section 5328(a) custody factors in ruling on the father's modification request).

Here, the trial court, in its Opinion, set forth its reasons for awarding Mother primary legal and physical custody:

> This is a custody case where [the court] conducted a trial ending in mid[-]December of 2014. [The court] filed an [Adjudication] and Order on December 18, 2014, which was comprehensive and did analyze all of the 23 Pa.C.S.A. § 5328 factors. The [Adjudication] and Order[,] which concluded the litigation[,] were docketed [on] December 23, 2014. [The court] request[s] the Appellate Court to consider [the Adjudication] and Order[,] since it was a very recent comprehensive assessment of the issues involved in the custody dispute.

> [Father] did [a]ppeal on January 14, 2015 to the Superior Court[,] which was docketed January 16, 2015[,] at 395 WDA 2015. [The trial court] did, consistent with Fast Track practice, file [an Opinion] on February 2, 2015. [The court] ask[s] [the] Superior Court to consider the contents of [its] February 2, 2015 [Opinion] to the extent that it addresses any issues raised by counsel.

\*      \*      \*

In the Petition to Modify[,] the only issues raised as reasons to modify were that [Mother] had[,] in the interim[,] been charged with shoplifting[,] and at the time of her encounter with the police, marijuana was found in her purse.  Father also alleged that he was having difficulty communicating with the [C]hildren because [Mother] had changed her address.

The [c]ourt, when [it] heard the matter in April, received very limited testimony and [] concluded that under the circumstances[,] it was not necessary to do an analysis of every factor set forth in § 5328 because [Father] had limited his issues in the Petition to Modify by his pleading[,] and the [c]ourt had just done[,] in December of 2014[,] a comprehensive analysis of all the factors.  There were very minimal changes between December of 2014 and April 28, 2015.

[The trial court's] "Adjudication" (Findings)[,] docketed in May 1, 2015, discuss[ed] the issues raised in the Petition to Modify and resolved those issues.

[The trial court] did discuss in [its] May 1, 2015 Findings the minimal changes in the status of the parties, especially the fact that [Father] is now graduating from welding school and was anticipating employment in Erie, and that his mother, who at the time of the trial in December, had been unavailable for child care because she was working 70 hours a week, had since been laid off.  In [the court's] analysis, [it] concluded that there was no reason to modify the Order that [the court] had entered in December and that, in fact, the Order that [was] entered in December closely fit the needs of [Father,] since he was planning on taking full-time employment in Erie.

**[The court is] somewhat troubled by the status of the case because [it] did not[,] in [its] May 2015 Findings[,] render the full analysis of the fifteen enumerated factors set forth in Section 5328.**  23 Pa.C.S.A. § 5328(a) provides:

"In ordering any form of custody, the [c]ourt shall determine the best interest of the child by considering all relevant factors, giving weighted consideration to those

- 10 -

factors which affect the safety of the child, including the following[.]"

If the [c]ourt is again required to do an exegetical analysis of the factors, such would be unrealistic in the context that this [c]ourt considered extensive testimony and rendered the requisite comprehensive analysis just last December. What [the trial court] did address and resolve[,] based on the limited hearing time with limited evidence offered and received[,] were the issues raised in the Petition to Modify and other salient issues that cropped up during the testimony at the time of the Modification Hearing. [The court] also put in context the extensive testimony [it] heard in December, 2014, and [its] Findings at that time[,] which included the fifteen enumerated factors. The issues before the trial court … were adequately addressed in [its] Findings docketed May 4, 2015, dated May 1, 2015. Therefore, for purposes of the [Rule] 1925 Statement, [the court] request[s] the Appellate Court to consider [its] Opinion and the Order of December 23, 2014, [the Rule] 1925 Statement docketed February 2, 2015, and [its] "Adjudication" docketed May 1, 2015 [*sic*].

**To the extent that this [c]ourt did not give weighted consideration to all the factors set forth in § 5328(a), the court state[s] that [its] Opinion of May 1, 2015 takes into account the very recent assessment of those factors in December of 2014 and [the court] was constrained by the limited evidence received during the April 28, 2015 hearing.**

Trial Court Opinion, 6/26/15, at 1-5 (emphasis added). Thus, the trial court, in its Opinion, acknowledged its failure to (a) take evidence regarding the section 5328(a) custody/best interest factors at the April 28, 2015 hearing; and (b) give weighted consideration to the custody/best interest factors in rendering its May 4, 2015 Adjudication. ***See id.***

The circumstances in the instant case are distinguishable from those deemed "ancillary" in ***M.O.*** Here, Father's Petition to Modify the existing

custody Order alleged that Mother was continuing to use marijuana, and had committed a theft in front in the presence of a small child. As Father was seeking to modify legal and physical custody, the trial court was statutorily bound to hear evidence, and make its determinations regarding the section 5328(a) custody/best interest factors, based on the testimony and evidence taken at the April 28, 2015 hearing. We therefore conclude that the trial court erred in adopting its prior consideration of the section 5328(a) custody/best interest factors, upon which it based its December 23, 2014 Adjudication and Order. Thus, we must remand the matter to the trial court to take current testimony and evidence regarding the factors set forth at section 5328(a), to make appropriate conclusions, and to render a proper custody order.

Accordingly, we vacate the May 4, 2015 Order of the trial court and remand the matter for the trial court to hold a new evidentiary hearing and to address each of the section 5328(a) factors in its opinion, consistent with section 5323(d), to demonstrate that it fully considered the best interests of the Children.

Order vacated and remanded for further proceedings, in accordance with this Memorandum. Panel jurisdiction relinquished.

J-A29045-15

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/19/2016