J-A09016-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| K.J.R. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| D.J.R. | |
| Appellee | No. 2050 MDA 2015 |

Appeal from the Order Entered October 30, 2015
in the Court of Common Pleas of Lebanon County
Civil Division at No(s): 2015-20186

BEFORE:  FORD ELLIOTT, P.J.E., JENKINS, J., and PLATT, J.*

MEMORANDUM BY JENKINS, J.:                    **FILED JUNE 03, 2016**

Appellant K.J.R. ("Father") appeals from the order entered October 29, 2015 in the Lebanon County Court of Common Pleas, which denied Father's requested custody modification.  After careful review, we affirm.

In February of 2001, Father and D.J.R. ("Mother") had a son, J.S.R. They married in October 2005, and thereafter had a second son, R.J.R., in 2009.  J.S.R. is a high school student and R.J.R. is in elementary school.[1]

---

* Retired Senior Judge assigned to the Superior Court.

[1] J.S.R. and R.J.R. are collectively referred to herein as "the children" or "the boys".  Mother also has a 20-year old biological son, Damian, who is not Father's biological son.  Father testified he has always treated Damian as his own child.  N.T. 10/29/2015, p. 28.

Mother and Father are separated, but live roughly one and a half miles away from one another within the same school district.[2]

The parties initially agreed to an interim custody agreement whereby Father had the children from 5:00 to 8:00 p.m. on Tuesdays and Thursdays, and every other weekend from 5:30 p.m. on Friday until 8:00 p.m. on Sunday. This agreement was not a written custody order from the court, but instead an agreement reached by the parties following a custody conciliation.

On March 20, 2015, Father filed a Custody Complaint seeking shared legal and physical custody of the children and requesting the existing custody schedule be modified to provide Father with physical custody on a week on/week off schedule so he could have more time with the boys. The parties attended a custody conciliation on April 30, 2015, and a custody mediation on June 22, 2015, which failed to resolve the matter.

The parties appeared before the trial court for a custody hearing on October 29, 2015. Following the hearing, the court entered an interim order denying Father's custody request, but amending the previous custody arrangement ("the custody order"). The custody order modified the

_____

[2] Father left the marital home at the request of Mother in March 2015. However, at the time of the custody hearing, Mother had moved out of the marital residence and Father intended to move back in to the residence. N.T. 10/29/2015, pp. 8-13.

previous arrangement by extending Father's Tuesday and Thursday visitation periods by thirty (30) minutes and directing that Mother pick the children up at Father's home. The custody order also modified Father's weekend periods of custody to extend an extra 30 minutes, from Friday at 5 p.m. until Sunday at 8:30 p.m., again with Mother picking the children up at Father's home. Further, the custody order instructed Father to arrange, and pay for, daycare for R.J.R. The order did not analyze or address the statutory custody factors contained in 23 Pa.C.S. § 5328.

On November 24, 2015, Father filed a notice of appeal and a concise statement of matters complained of on appeal. The trial court filed its opinion pursuant to Pa.R.A.P. 1925(a) on December 11, 2015 (the "1925(a) Opinion"). The 1925(a) Opinion addressed the statutory custody factors.

Father raises the following claims for review:

I. Is the "Interim Order," issued by [the] [t]rial [c]ourt final and appealable when it was entered after the [t]rial [c]ourt completed its hearing on the merits and intended by the [t]rial [c]ourt to constitute a complete resolution of the custody claims pending between the parties?

II. Did the trial court commit an abuse of discretion and/or error of law by violating Pa.R.C.R. 1915.4 and using an interim order to avoid being subject to appeal?

III. Did the trial court commit an abuse of discretion and error of law by modifying a custody order and failing to provide an analysis of the factors enumerated in 23 Pa.C.S. [§] 5328?

IV. Did [the] trial court abuse[] its discretion and commit an error of law by severely limiting the parties' time and opportunity to present evidence to the court at [the] time of trial?

Father's Brief, p. 10.

This Court's standard and scope of review of custody orders is as follows:

> [T]he appellate court is not bound by the deductions or inferences made by the trial court from its findings of fact, nor must the reviewing court accept a finding that has no competent evidence to support it. . . . However, this broad scope of review does not vest in the reviewing court the duty or the privilege of making its own independent determination. . . . Thus, an appellate court is empowered to determine whether the trial court's incontrovertible factual findings support its factual conclusions, but it may not interfere with those conclusions unless they are unreasonable in view of the trial court's factual findings; and thus, represent a gross abuse of discretion.

*A.V. v. S.T.*, 87 A.3d 818, 820 (Pa.Super.2014) (*quoting R.M.G., Jr. v. F.M.G.,* 986 A.2d 1234, 1237 (Pa.Super.2009)).

Initially, Father's first two claims allege that the trial court erred by labeling the custody order as an "interim" order. *See* Father's Brief, pp. 18-23. Father suggests the trial court issued the order as "interim" to somehow render its custody order non-appealable. *Id.*

An order in a custody case is final and appealable when it is: (1) entered after the court has completed its hearings on the merits; and (2) intended by the courts to constitute a complete resolution of the custody claims pending between the parties. *G.B. v. M.M.B.*, 670 A.2d 714 (Pa.Super.1996); *see also* Pa.R.A.P. 341(b)(1) (a final order is any order that disposes of all claims and all parties).

Father addressed the interim nature of the custody order in both his brief and in his response to this Court's December 16, 2015 rule to show cause as to why the appeal should not be quashed as interlocutory. Father argued the order, although styled an "interim order," is actually a final order. Father is correct.

First, the trial court entered its order after conducting a hearing on the merits. Further, the custody order determined custody of the children without scheduling or requiring further hearings or submissions from the parties. Accordingly, this was a final order, and therefore appealable.

In his third argument, Father alleges the trial court erred by modifying the original custody order without analyzing the statutory custody factors. *See* Father's Brief, pp. 24-26. Although Father is correct, this Court need not remand to remedy this error.

Pennsylvania's Custody Act provides an enumerated list of sixteen (16) factors a trial court must consider in determining the best interests of the child or children when awarding any form of custody. *See* 23 Pa.C.S. § 5328(a).[3]

_____

[3] Section 5328 provides:

**5328. Factors to consider when awarding custody**

**(a) Factors.--**In ordering any form of custody, the court shall determine the best interest of the child by considering all relevant factors, giving weighted consideration to those factors which affect the safety of the child, including the following:

*(Footnote Continued Next Page)*

*(Footnote Continued)* ————————

(1) Which party is more likely to encourage and permit frequent and continuing contact between the child and another party.

(2) The present and past abuse committed by a party or member of the party's household, whether there is a continued risk of harm to the child or an abused party and which party can better provide adequate physical safeguards and supervision of the child.

(2.1) The information set forth in section 5329.1(a) (relating to consideration of child abuse and involvement with protective services).

(3) The parental duties performed by each party on behalf of the child.

(4) The need for stability and continuity in the child's education, family life and community life.

(5) The availability of extended family.

(6) The child's sibling relationships.

(7) The well-reasoned preference of the child, based on the child's maturity and judgment.

(8) The attempts of a parent to turn the child against the other parent, except in cases of domestic violence where reasonable safety measures are necessary to protect the child from harm.

(9) Which party is more likely to maintain a loving, stable, consistent and nurturing relationship with the child adequate for the child's emotional needs.

(10) Which party is more likely to attend to the daily physical, emotional, developmental, educational and special needs of the child.

(11) The proximity of the residences of the parties.

(12) Each party's availability to care for the child or ability to make appropriate child-care arrangements.

*(Footnote Continued Next Page)*

When deciding a petition to modify custody, a court must conduct a thorough analysis of the best interests of the child based on the relevant Section 5328(a) factors. All of the factors listed in section 5328(a) are required to be considered by the trial court when entering a custody order.

*A.V.*, 87 A.3d at 822-23 (internal citations and quotations omitted; emphasis deleted).

Generally,

[w]hen deciding a petition to modify custody, a court must conduct a thorough analysis of the best interests of the child based on the relevant Section 5328(a) factors. **All** of the factors listed in section 5328(a) are required to be considered by the trial court when entering a custody order. . . . The record must be clear on appeal that the trial court considered all the factors.

*A.V. v. S.T.*, 87 A.3d 818, 822-23 (Pa.Super.2014) (internal citations and quotations omitted; emphasis in original). Section 5323 further requires that the trial court must set forth its mandatory assessment of the custody

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯

(13) The level of conflict between the parties and the willingness and ability of the parties to cooperate with one another. A party's effort to protect a child from abuse by another party is not evidence of unwillingness or inability to cooperate with that party.

(14) The history of drug or alcohol abuse of a party or member of a party's household.

(15) The mental and physical condition of a party or member of a party's household.

(16) Any other relevant factor.

23 Pa.C.S. § 5328(a).

factors prior to the deadline by which a litigant must file a notice of appeal. *See* 23 Pa.C.S. § 5323(d); *see also A.V.*, 87 A.3d at 823. However, a slight modification of an existing award that does not change the underlying type of custody – from full to partial custody, for example – does not require the court to engage in a complete reassessment of the custody factors. *See M.O. v. J.T.R.*, 85 A.3d 1058, 1063 (Pa.Super.2014) (modification of prior order that does not change the underlying award of custody does not directly implicate section 5328(a)).

Here, the trial court's October 29, 2015 order modified the parties' existing custody arrangement.[4] As previously explained, however, the existing custody arrangement was not the result of a prior written trial court custody order. As such, it was an *original* custody order entered in response to Father's first (and only) custody complaint. Therefore, the trial court was required to engage in an analysis of the statutory custody factors in fashioning its order. It did not. This was error.

Ordinarily, a court does not remedy its failure to conduct a statutory custody factor analysis by later analyzing the custody factors. *See A.V.*, 87 A.3d at 823 (finding analysis of section 5328 factors necessary prior to appeal because otherwise "the parties may be left without a meaningful

_____

[4] The trial court maintained a nearly identical custody arrangement as the existing agreement between the parties, albeit extending Father's custody slightly on Tuesdays, Thursdays, and weekends.

context within which to make their arguments on appeal, particularly as to discretionary matters"). In this matter, the trial court did not conduct a section 5328 analysis until its 1925(a) Opinion. *See* 1925(a) Opinion, pp. 4-12. The analysis contained in the 1925(a) Opinion was complete and thorough and allowed Father to formulate an intelligent and meaningful argument based on the trial court's custody factor analysis in his brief. Despite having the trial court's entire custody factor analysis, however, the only custody factor Father argued in his brief was the court's failure to hear testimony from the children. *See* Father's Brief, pp. 24-26.

Remanding the matter to correct the trial court's procedural mistake by conducting its custody factor analysis in an order as opposed to a 1925(a) Opinion would be contrary to judicial economy. A remand would simply result in the trial court republishing the 1925(a) Opinion's section 5328 analysis as an order, so that Father could make the same arguments thereon. In this case, because we know both the trial court's section 5328 reasoning and Father's argument against it, remand is unnecessary.

In his fourth claim, Father alleges the trial court erred by limiting the parties' time and opportunity to present evidence at the time of trial. *See* Father's Brief, pp. 24-26. Specifically, Father argues the trial court erred by not taking testimony from the children and otherwise stunting Father's opportunity to present evidence. *Id.* This argument is unconvincing.

Initially, Father waived this claim by not objecting during the October 29, 2015 hearing that he was limited in his ability to present evidence

and/or present the testimony of the children. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); *Commonwealth v. Colavita*, 993 A.2d 874, 891 (Pa.2010) ("[The Pennsylvania Supreme] Court has consistently held that an appellate court cannot reverse a trial court judgment on a basis that was not properly raised and preserved by the parties.").

Further, the claim lacks merit. As the trial court noted, Pennsylvania's Rules of Civil Procedure for child custody actions provide that the court *may*, not *must*, interrogate a child. *See* Pa.R.C.P. 1915.11(b). Additionally, the children were neither present nor called to testify at the October 29, 2015 hearing. *See* N.T. 10/20/2015, pp. 153-154. Father cannot now, on appeal, remedy his own failure to (1) call his sons to testify at the hearing, or (2) object to the trial court's actions or inactions that, with hindsight, he now feels prejudiced his custody action.

Upon review of the record, it is evident the trial court's factual findings support its factual conclusions, which are reasonable and do not represent a gross abuse of discretion. Accordingly, we affirm the trial court's order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/3/2016

- 10 -