**M.O., Appellant**

v.

**J.T.R., Appellee.**

Superior Court of Pennsylvania.

Argued Nov. 13, 2013.

Filed Feb. 4, 2014.

Joann L. Drust, Kennett Square, for appellant.

Robert K. Kalmbach, Kennett Square, for appellee.

BEFORE: FORD ELLIOTT, P.J.E., WECHT, J., and MUSMANNO, J.

OPINION BY WECHT, J.:

M.O. ("Mother") appeals from the May 23, 2013 order that amended the parties' February 12, 2013 child custody order following a hearing on J.T.R. ("Father")'s petition for modification. The principal issue that we confront in this case is whether a trial court must address all sixteen factors enumerated in 23 Pa.C.S.A. § 5328 when the trial court decides a discrete and narrow issue ancillary to a materially unchallenged custody arrangement. We conclude that the trial court is not required to do so, and we affirm that court's order.

A review of the record establishes the following facts. Mother and Father are divorced. They are the parents of an adult daughter and two minor sons, J.R. (born in September 2000), and, F.R. (born in September 2002) (collectively "the Children"). Mother currently resides in Kennett Square, Chester County, Pennsylvania, with her husband and his minor daughter. Father resides in Havre de Grace, Maryland, with his paramour, his adult daughter, and his paramour's daughter.

On November 13, 2007, the parties entered into an Agreed Parenting Plan Order in Tennessee. Under that order,

Mother had primary custody of the minor children, and Father had partial custody, including six weeks in the summer. The order was modified in December 14, 2009, when Mother moved, but there was no substantive change in custody time. On April 5, 2011, Mother registered the original and modified custody orders in Pennsylvania. The order was modified further by consent on May 16, 2012.

On January 8, 2013, Father filed a petition for modification, seeking more time with the Children, a change in transportation responsibilities, and clarification of the prior order. On February 12, 2013, following a conciliation, an order issued that, among other things, gave Father five weeks of summer custody, but required Father to be off work during his vacation time with the Children. On April 11, 2013, Father filed a Demand for Trial and Certificate of Readiness—Custody. Father's pre-trial statement raised several issues, including his ability to work during vacation time with the Children.

The trial court succinctly recounts the more recent history of the case:

> On Monday, May 20, 2013, two days prior to the commencement of the custody hearing, and at the express request of counsel for [Mother], the undersigned conducted a pretrial conference by telephone with both attorneys, which lasted in excess of one-half hour. On the morning of May 22, 2013, the undersigned conducted an in[-]chambers pre-hearing conference with both attorneys, which lasted approximately one hour. As a result, all issues were resolved by the agreement by the parties except for a single, narrow issue: that is, whether Father would be required to be off from work during three weeks of his summer custodial vacation time. Pursuant to the underlying Custody order, Father has five total weeks of summer custodial vacation time, two of which always take place during the first two weeks of July when his employer's plant is closed annually. Therefore, Father is off from work during the first two weeks of July during his custodial vacation time. Father received three additional weeks of summer custodial vacation time with the children. Father believes he should not be required to be off from work during these weeks. Mother believes that Father should be required to be off from work in order to supervise and spend time with the children.

> The parties presented very limited testimony related to this single issue [on May 22, 2013]. The court listened to the evidence presented and immediately, from the bench, set forth the reasons for the Court Order modifying the Custody Order to permit Father not to have to take off from work during three of his five custodial vacation weeks.[1]

> ───────
> [1] The court's May 22, 2013 Custody order also set forth those changes to the February 12, 2013 Custody order that the parties had resolved [by consent during the pretrial conferences], including those related to transportation of the children.

Trial Court Opinion ("T.C.O."), 7/2/2013, at 1–2 (unpaginated) (citations to record omitted).

■ On June 3, 2013, Mother filed a motion for reconsideration of the May 22, 2013, which was denied on July 2, 2013. On June 19, 2013, Mother filed a timely notice of appeal.[1] Mother also timely filed

───────

1. Nothing in our rules precludes Mother from filing both a motion for reconsideration and a notice of appeal. It often is prudent for a litigant to file both; if the trial court does not grant the motion for reconsideration before the expiration of the thirty days in which the litigant can file a notice of appeal, the litigant will lose the right to appeal. *See* Pa.R.A.P.

a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b) on that date.

Mother raises three issues for our review:

I. Whether the Trial Court committed [an] error of law and/or abused its discretion in failing to consider the sixteen (16) relevant factors set forth in 23 Pa.C.S. § 5328(a)(1–16)?

II. Whether the Trial Court committed [an] error of law and/or abused its discretion in failing to delineate the reasons for its decision on the record in open court or in a written opinion pursuant to 23 Pa.C.S. § 5323(d)?

III. Whether the Trial Court committed an error of law and/or abused its discretion in failing to conduct a hearing *de novo* pursuant to Pa. R.C.P. No. 1915.4–3(b)?

Mother's Brief at 10.

■ Mother challenges the trial court's custody order. Our standard of review is as follows:

In reviewing a custody order, our scope is of the broadest type and our standard is abuse of discretion.... Ultimately, the test is whether the trial court's conclusions are unreasonable as shown by the evidence of record. We may reject the conclusions of the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court.

*V.B. v. J.E.B.*, 55 A.3d 1193, 1197 (Pa.Super.2012).

■ We address Mother's final issue first. While Mother complains that the trial court did not conduct a *de novo* hearing, Mother consented to a hearing limited to the single issue that the parties were

not able to resolve by agreement. Notes of Testimony ("N.T."), 5/22/2013, at 4–5. If Mother did not agree with this procedure, she should have raised an objection with the trial court. There is nothing in the record to suggest that she did so. Mother's failure to object results in waiver of this claim. *See Fillmore v. Hill*, 445 Pa.Super. 324, 665 A.2d 514, 516 (1995) ("Failure to timely object to a basic and fundamental error ... will result in waiver of that issue. On appeal, the Superior Court will not consider a claim which was not called to the trial court's attention at a time when any error committed could have been corrected. The principle [*sic*] rationale underlying the waiver rule is that when an error is pointed out to the trial court, the court then has an opportunity to correct the error." (citations omitted)); *Smith v. Smith*, 431 Pa.Super. 588, 637 A.2d 622, 626 (1993) ("Appellant's failure to object to the court's noncompliance with the procedural [requirements] constituted a waiver of his [issue on appeal].").

Because Mother's remaining two issues are interrelated, we address them together. Mother argues that the trial court refused to consider expressly each of the sixteen factors that must be considered pursuant to 23 Pa.C.S.A. § 5328(a). Mother also argues that the trial court did not provide its rationale for its decision, as required by 23 Pa.C.S.A. § 5323(d). Mother's Brief at 18–26.

The trial court determined that, because the hearing was limited to a single discrete and narrow issue, it was not required to address each of the sixteen factors. T.C.O. at 2–3. The trial court concluded that most of the factors were not relevant to the issue of Father's summer employment schedule and that the parties did not present evidence concerning the majority

1701; *Orfield v. Weindel*, 52 A.3d 275, 277 (Pa.Super.2012).

of the factors. T.C.O. at 3. Further, the trial court noted that it stated its reasons for its decision on the record. T.C.O. at 2; N.T. at 39–45.

We begin by examining the relevant provisions of the child custody statute. Section 5328(a) establishes what the court shall consider in determining a child's best interest for purposes of making an award of custody:

> In ordering any form of custody, the court shall determine the best interest of the child by considering all relevant factors, giving weighted consideration to those factors which affect the safety of the child, including the following: [enumerating sixteen factors].

23 Pa.C.S.A. § 5328(a). Section 5323 defines an award of custody, and provides that a court must provide the rationale for such award:

> **(a) Types of award.**—After considering the factors set forth in section 5328 (relating to factors to consider when awarding custody), the court may award any of the following types of custody if it is in the best interest of the child:
>
> (1) Shared physical custody.
>
> (2) Primary physical custody.
>
> (3) Partial physical custody.
>
> (4) Sole physical custody.
>
> (5) Supervised physical custody.
>
> (6) Shared legal custody.
>
> (7) Sole legal custody.
>
> \*    \*    \*
>
> **(d) Reasons for award.**—The court shall delineate the reasons for its decision on the record in open court or in a written opinion or order.

23 Pa.C.S.A. §§ 5323(a), (d). Section 5338 discusses modification of a custody order: "Upon petition, a court may modify a custody order to serve the best interest of the child." 23 Pa.C.S.A. § 5338(a).

The plain language of Section 5328(a) requires that the sixteen enumerated factors be considered when the court is determining a child's best interest for the purpose of making an award of custody. 23 Pa.C.S.A. §§ 5323(a), 5328(a). By contrast, while the court must consider the child's best interest when modifying a custody order, the modification provision does not refer to the sixteen factors of Section 5328. 23 Pa.C.S.A. § 5338(a). The cases in which we have applied Section 5328(a) have involved the award of custody as defined by Section 5323(a) or have involved a modification that also entailed a change to an award of custody.[2]

Following the hearing in this case, the trial court made no award of custody. The court was not deciding physical or legal custody, nor even changing the amount of custodial time that either party had with the Children. Rather, the trial court addressed a subsidiary issue: wheth-

---

**2.** *See S.J.S. v. M.J.S.*, 76 A.3d 541 (Pa.Super.2013) (petition for primary custody and relocation); *T.E.B. v. C.A.B.*, 74 A.3d 170 (Pa.Super.2013) (award of shared physical and legal custody); *A.M.S. v. M.R.C.*, 70 A.3d 830 (Pa.Super.2013) (relocation and complaint for custody); *C.B. v. J.B.*, 65 A.3d 946 (Pa.Super.2013) (complaint for primary custody); *M.J.M. v. M.L.G.*, 63 A.3d 331 (Pa.Super.2013) (petition for primary custody); *V.B. v. J.E.B.*, 55 A.3d 1193 (Pa.Super.2012) (award of legal and physical custody); *B.K.M. v. J.A.M.*, 50 A.3d 168 (Pa.Super.2012) (complaint for custody); *J.R.M. v. J.E.A.*, 33 A.3d 647 (Pa.Super.2011) (complaint for primary custody); *E.D. v. M.P.*, 33 A.3d 73 (Pa.Super.2011) (relocation and counterclaim for primary custody). *Cf. M.P. v. M.P.*, 54 A.3d 950, 953 (Pa.Super.2012) (recognizing that trial court cited Section 5328 factors in its denial of motion for travel outside the United States and holding that the trial court's "decision amounted to a *de facto* award of shared legal custody that contravened the parties' agreement.").

er Father was required to be off from work while the Children stayed with him for a portion of the summer. After hearing the evidence that the parties presented limited to that sole issue, the trial court decided that Father could work during the three weeks in question.[3] While the court's ruling modified its prior order, it did not change the underlying award of custody. Therefore, under the facts of this case, Section 5328(a) was not implicated directly.

■ Because the trial court did not make an award of custody, but merely modified a discrete custody-related issue, it was not bound to address the sixteen statutory factors in determining the Children's best interest. However, under Section 5338, the trial court was required to determine that the modification that it did order was in the Children's best interest. The trial court examined the Children's best interest, as evidenced by its consideration of the Children's ages, the distance between the parties' homes, the difficulty for Father to comply with a requirement that he take five weeks off from work during the summer, the value to the Children of being with Father, the lack of any indication that Father's employment raised a concern about the Children's welfare or safety, and the sufficiency of a provision

that Father provide adequate supervision while he worked. N.T. at 39–40, 41–43. The trial court also stated that it considered those Section 5328 factors that were relevant to the decision and for which the parties presented evidence. T.C.O. at 3. Because the trial court complied with the requirement that it consider the Children's best interests in its modification of the custody order, we find no error.

Regarding Section 5323(d), our review of the record shows that the trial court did delineate its rationale on the record at the time of its decision. N.T. at 40–46. In fact, the court explained at some length the factors that it considered in determining the Children's best interest. Mother's concern was that the trial court did not delineate its rationale with respect to all sixteen factors. Mother's Brief at 24, 26. As those factors, under the facts of this case, were not required to be considered specifically, we find no error in the court's actions.

■ In this dispute involving a narrow issue, just as the trial court was not required to discuss the sixteen enumerated factors in its best interest analysis, it also was not bound to provide the reasons for its decision pursuant to Section 5323(d).[4] Section 5323(d) provides that the court must delineate its reasons for an award.

**3.** As the trial court noted, the dispute concerned only three of Father's five custodial weeks; during the other two weeks, Father would be off work due to an annual plant closure. T.C.O. at 1–2.

**4.** A contrary decision, requiring application of the strictures found in Section 5328(a) and 5323(d) to each and every decision that is subsidiary or ancillary to a custody dispute, would impose an undue burden on trial courts and, by extension, on custody litigants. Custody-related issues often are raised in motions, which are generally presented to the trial court in non-record proceedings. If these statutory sections applied to every custody-related decision, every motions ruling

would require a discussion, either on the record or in a written order or opinion following decision, of the sixteen factors. Many custody-related issues raised in motions are similar to the one in the case: a single discrete and narrow issue ancillary to the award of custody. It would be burdensome for a trial court to have to consider all sixteen factors explicitly on the record every time a litigant argues a motion seeking, for example, to change the custody exchange location or to decide whether a child plays sports in one parent's municipality or the other's. Without a doubt, a trial court must consider a child's best interest in ruling upon such motions. But our statutes require neither a consideration of all sixteen factors nor delineation of the court's

In the context of Section 5323, entitled "Award of Custody," it is clear that this rationale is required when the court makes an award of custody. As discussed above, the trial court here did not make an award of custody. It merely modified a single discrete and narrow ancillary issue. To be sure, it is beneficial for the litigants to hear and understand the court's rationale for its decision. However, in circumstances such as those presented here, this is not required by our statutes.[5]

Order affirmed.

rationale on the record unless the ruling awards custody or modifies an award of custody.

**5.** Prior decisional law has addressed the timing of a trial court's compliance with Section 5323(d). *See A.M.S. v. M.R.C.*, 70 A.3d 830 (Pa.Super.2013); *C.B. v. J.B.*, 65 A.3d 946 (Pa.Super.2013). In those cases, as a matter of statutory construction, we held that a trial court must delineate its rationale at or near the time of the order, in order to comply adequately with the legislative mandate. The concerns raised in those cases are not implicated here, because the court did not make an award of custody.