J. S21045/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| E.C.H. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| D.M.P., | : | No. 1860 WDA 2017 |
| | : | |
| Appellant | : | |

Appeal from the Order Entered November 20, 2017,
in the Court of Common Pleas of Indiana County
Civil Division at No. 10030 CD 2017

BEFORE:  OLSON, J., MURRAY, J., AND FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY FORD ELLIOTT, P.J.E.:          **FILED MAY 16, 2018**

D.M.P. ("Father") appeals from the November 20, 2017 order entered in the Court of Common Pleas of Indiana County that granted the petition for correction of custody order of E.C.H. ("Mother") and modified the November 8, 2018 custody consent order[1] with respect to the parties' rights to custody of their minor child N.P. during the Thanksgiving holiday each year.  After careful review, we vacate the November 20, 2017 order.

The record reflects that Mother and Father entered into the November 8, 2017 custody consent order following in-chambers discussions, as well as an

---

[1] We note that the custody consent order is dated November 8, 2017, but was entered on the docket on November 9, 2017.

on-the-record hearing, that took place on November 8, 2017.[2] It is undisputed that when the trial court reduced the parties' agreement to writing in the form of the November 8, 2017 custody consent order, it made an error with respect to the parties' agreement regarding N.P.'s custody during the Thanksgiving holiday each year. As a result of that error, Mother filed a petition for correction of custody order and Father filed a response in opposition to Mother's petition and request for a hearing. The trial court did not hold a hearing, but instead entered a corrected order "based on its understandings reached in chambers regarding the Thanksgiving [D]ay shared agreement." (Trial court opinion, 12/30/17 at 3.)

When reviewing a custody order, our scope of review is of the broadest type and our standard of review is an abuse of discretion. ***M.O. v. J.T.R.***, 85 A.3d 1058, 1061 (Pa.Super. 2014) (citation omitted). "Ultimately, the test is whether the trial court's conclusions are unreasonable as shown by the evidence of record." ***Id.*** Here, the record supports the ***shared*** contention of Mother and Father that the November 20, 2017 order fails to reflect their agreement with respect to N.P.'s custody over the Thanksgiving holiday each year. Therefore, because the record demonstrates that the trial court's November 20, 2017 order fails to reflect the parties' agreement and is, therefore, not supported by the record, we must vacate the order and remand

---

[2] Upon review of the hearing transcript, it is not clear that the Thanksgiving custody issue was actually resolved before the trial court entered its order.

to the trial court to enter a new custody order that either reflects a renewed agreement by the parties or a custody order based on the best interests of the child that reflects the Thanksgiving holiday visitation schedule.[3]

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

---

[3] We note that Father contends that the trial court must determine N.P.'s custody during the Thanksgiving holiday each year only after conducting a custody trial to determine N.P.'s best interest under 23 Pa.C.S.A. § 5328(a) (requiring consideration of sixteen factors). (Father's brief at 11, 17.) A best-interest hearing, however, need only be conducted when ordering a form of custody. *See S.W.D. v. S.A.R.*, 96 A.3d 396, 402-403 (Pa.Super. 2014) (citation omitted). Here, Mother and Father "reached an agreement without the necessity of [a] hearing" regarding the form of N.P.'s custody, which the trial court incorporated into the consent custody order. (Order of court, 11/9/17 at 1.) The parties agreed that the form of N.P.'s custody would be shared legal and physical custody. (*Id.* at 1-2.) A modification of the November 8, 2017 custody consent order will reflect which party will have physical custody of N.P. at various times during the Thanksgiving holiday each year and will not change the form of custody from shared legal and physical custody to some other form of custody set forth in the Custody Act. *See* 23 Pa.C.S.A. § 5328 (setting forth the following forms of custody: shared physical custody; primary physical custody, partial physical custody; sole physical custody; supervised physical custody; shared legal custody; and sole legal custody). Rather, the modified custody order will resolve a discrete and ancillary issue regarding the parties' shared physical custody of N.P. during the Thanksgiving holiday each year. Therefore, the trial court need not conduct a best-interest hearing.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/16/2018