J. A24032/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| A.W.-B., | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | No. 1564 MDA 2017 |
| | : | |
| T.C.B. | : | |

Appeal from the Order Entered August 14, 2017,
in the Court of Common Pleas of Cumberland County
Domestic Relations Division at No. 0724-SUPPORT-2012

BEFORE:  OTT, J., McLAUGHLIN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED JULY 01, 2019**

A.W.-B. appeals from the August 14, 2017 order entered by the Court of Common Pleas of Cumberland County denying her petition to reopen support action entirely pertaining to alimony ***pendente lite***, spousal support, and child support.  For the following reasons, we quash appellant's appeal as untimely.

The trial court set forth the relevant procedural history:

> Although this case originated [] in 2012, it has a long and tortured history, comprising over 200 docket entries, including nine petitions to modify, five hearings before the support master and subsequent master reports, and seven exceptions/cross-exceptions.  Of recent note, on October 26, 2016, [the trial court] filed an [o]pinion denying [a]ppellant's Exceptions to the Support Master's report of March 9, 2016.  On March 10, 2017, less than five months after that decision, [a]ppellant filed another petition for modification.  [The trial court] denied that petition for

modification on May 8, 2017, and [a]ppellant appealed to the Superior Court of Pennsylvania. On August 3, 2017, the Superior Court quashed that appeal as interlocutory. In the meantime, at this same docket, [a]ppellant also filed a "Petition [to] Reopen Support Matter Entirely" on August 2, 2017, which was denied by [the trial court] on August 14, 2017. Appellant then filed an "Application for Reconsideration of the Order dated August 14, 2017," which was denied by [the trial court] on September 15, 2017. Appellant appealed that [o]rder to the Superior Court, though she never served notice on [the trial court]. On October 3, 2017, [the trial court] [o]rdered [a]ppellant to file a concise statement [of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b)], which was also not served on [the trial court].

Trial court opinion, 12/12/17 at 1.

The filing of a motion for reconsideration does not toll the 30-day deadline in which to file a notice of appeal. Indeed, "if the trial court does not grant the motion for reconsideration before the expiration of the thirty days in which the litigant can file a notice of appeal, the litigant will lose the right to appeal." *M.O. v. J.T.R.*, 85 A.3d 1058, 1060 n.1 (Pa.Super. 2014), citing Pa.R.A.P. 1701; *Orfield v. Weindel*, 52 A.3d 275, 277 (Pa.Super. 2012).

Here, appellant filed a motion for reconsideration, which the trial court did not grant within 30 days of the entry of the August 14, 2017 order. Because appellant failed to file a notice of appeal within 30 days of the entry of the August 14, 2017 order, her appeal is untimely. Accordingly, we quash appellant's appeal as untimely.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/1/2019