J-A07022-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | | |
|---|---|---|---|
| M.S. | : | IN THE SUPERIOR COURT OF | |
| | : | PENNSYLVANIA | |
| Appellant | : | | |
| | : | | |
| | : | | |
| v. | : | | |
| | : | | |
| | : | | |
| D.R. | : | No. 1819 MDA 2019 | |

Appeal from the Order Entered October 3, 2019
In the Court of Common Pleas of Lackawanna County Civil Division at
No(s): 2014-FC-40889

BEFORE: OLSON, J., DUBOW, J., and McLAUGHLIN, J.

MEMORANDUM BY DUBOW, J.:                    **FILED APRIL 22, 2020**

Appellant, M.S. ("Mother"), appeals from the October 3, 2019 Order entered in the Lackawanna Court of Common Pleas that ordered A.C. ("Child") to attend school in the Dunmore Area School District ("Dunmore"), where D.R. ("Father") lives, during the 2020-2021 school year. After careful review, we affirm.

The relevant factual and procedural history is as follows. Mother and Father were never married and are parents to Child, who was born in June 2014. Mother is a registered nurse who has an older daughter from a previous relationship. Father is a registered nurse who is currently married to M.R. ("Stepmother"), and they have three younger children together.

Soon after Child's birth, Mother filed a Petition for Custody. In September 2015, after numerous filings and a hearing before a Master, the parties filed a Stipulated Agreement. The Agreement granted both parents

shared legal custody, Mother primary physical custody, and Father partial physical custody for approximately eight overnight visitations and two evening visits per month.[1]

In 2016, Father filed two Petitions for Custody seeking 50/50 physical custody of Child. After considering Mother's Answers and holding a hearing, the trial court denied Father's Petition but, in the Order, "encouraged" parties to agree to a schedule of custody that increased Father's periods of partial physical custody by an additional two to four overnights per month. Order, 01/12/16.

Most relevant to this appeal, on January 16, 2019, Father filed a Petition for Modification of Custody and Special Relief requesting that the trial court award Father 50/50 shared physical custody of Child and order parents to enroll Child at Dunmore, where Father resides, for kindergarten during the 2020-2021 school year. Mother filed an Answer, a Counter-Petition for Modification of Custody, and a Counter-Petition for Special Relief, which opposed Father's request for 50/50 shared custody, and requested that the court order the parents to enroll Child in the Valley View School District ("Valley View") during the 2019-2020 school year, to attend kindergarten a year earlier than Father's request.

---

[1] In any given month, during weeks 1 and 3, Father had partial physical custody of Child overnight from Tuesday evening until Thursday morning, and during weeks 2 and 4, Father had partial physical custody on the weekends and Tuesday evenings.

Prior to a hearing, the parties came to an agreement regarding custody of Child. On March 18, 2019, the parties filed a Stipulated Custody Order which increased Father's partial physical custody to include an additional four overnight visits with Child per month. Specifically, the Order granted Father partial physical custody of Child every Tuesday evening through Thursday morning, and on alternating weekends.

However, the parties failed to come to an agreement regarding Child's schooling. On June 13 and July 18, 2019, the trial court held a hearing on Father's Petition for Special Relief, and Mother's responses.[2,3] The trial court heard testimony from Father; Stepmother; Nathan Barrett, a school superintendent who testified as an educational expert; Mother; and Douglas Klopp, a school principal who testified as an educational expert.

In sum, Father testified that he believed it was in Child's best interest to attend Dunmore because Child's three younger half-siblings would attend Dunmore, Stepmother is a teacher at Dunmore high school, Child has twenty cousins that attend Dunmore, Child has numerous adult family members that

---

[2] Prior to the July 18, 2019 hearing, the parties came to an agreement that Child would not attend Kindergarten until the 2020-2021 school year, but still disagreed about where Child should attend school.

[3] At the July 18, 2019 hearing, the Honorable Carmen Minora recused from the case because Mother's counsel recently began working at a law firm where Judge Minora's brother currently works. The parties agreed that Judge Minora would hear the testimony and then transfer the case to another judge to make the decision.

are employed by Dunmore. N.T Hearing, 6/13/19, at 113-18. Stepmother testified that Child is very close with her younger half-siblings and that she believed it was very important for the siblings to attend school together, experience the same teachers, and be involved in the same extracurricular activities. *Id*. at 126-130. Mr. Barrett testified that Dunmore and Valley View were comparable school districts overall, but that Dunmore had slightly higher ratings in some areas. *Id*. at 25, 31-45. He testified that, in his expert opinion, it was in Child's best interest to attend Dunmore partly because Child will have siblings and family there, and Child would receive a high level of support from family at Dunmore. *Id*. at 25, 31-45.

Mother testified that she believed it was in Child's best interest to attend Valley View because most of the friends that Child made in daycare and preschool will be attending Valley View, Child's older half-sister attends ninth grade at Valley View, and Mother is a graduate of Valley View. *Id.* at 73, 77, 79. Mr. Klopp testified that Dunmore and Valley View were "only slightly different" but that "[i]f you look at performance from the students, and that is what's in black and white, Dunmore [] does not do as good of a job as Valley View []." N.T. Hearing, 7/18/19, at 24, 28.

On October 3, 2019, the trial court issued an Order and Opinion, which ordered Child to attend school in Dunmore beginning in the 2020-2021 school year. *Id*. at 25, 31-45.

Mother timely appealed. Both Mother and the trial court complied with Pa.R.A.P. 1925.

- 4 -

Mother raises the following issues on appeal:

1. Did the trial court abuse its discretion and commit an error of law in failing to place its reasoning regarding 23 Pa.C.S. § 5328(a) in its written opinion?

2. Did the trial court abuse its discretion and commit an error of law in determining that [Child] attend [Dunmore] as Appellant has primary physical custody of [Child]?

3. Did the trial court abuse its discretion and commit an error of law in the weight given to [Child] and [Child]'s half-siblings attending school in the same district?

4. Did the trial court abuse its discretion and commit an error of law in its determination that [Child]'s sibling relationships, specifically sharing in certain events, extracurricular activities weight heavily in favor of [Child] attending the Dunmore Area School District?

5. Did the trial court abuse its discretion and commit an error of law in failing to consider all the evidence and testimony?

6. Did the trial court abuse its discretion and commit an error of law in failing to consider all factors [that] effect upon [Child]'s physical, intellectual, moral and spiritual well-being?

Mother's Br. at 6 (reordered for ease of disposition).

"We review a trial court's determination in a custody case for an abuse of discretion, and our scope of review is broad." *S.W.D. v. S.A.R.*, 96 A.3d 396, 400 (Pa. Super. 2014). We will not find an abuse of discretion "merely because a reviewing court would have reached a different conclusion." *In re K.D.*, 144 A.3d 145, 151 (Pa. Super. 2016) (citation omitted). Rather, "[a]ppellate courts will find a trial court abuses its discretion if, in reaching a conclusion, it overrides or misapplies the law, or the record shows that the trial court's judgment was either manifestly unreasonable or the product of

- 5 -

partiality, prejudice, bias or ill will." *Id.* This Court must accept the findings of the trial court that the evidence supports, and defer to the trial judge regarding credibility and weight of the evidence. *S.W.D.*, 96 A.3d at 400. "We may reject the trial court's conclusions only if they involve an error of law or are unreasonable in light of its factual findings." *Id.*

It is well settled that "[t]he paramount concern in child custody cases is the best interests of the child." *C.G. v. J.H.*, 193 A.3d 891, 909 (Pa. 2018). "The best-interests standard, decided on a case-by-case basis, considers all factors which legitimately have an effect upon the child's physical, intellectual, moral and spiritual well-being." *M.J.N. v. J.K.*, 169 A.3d 108, 112 (Pa. Super. 2017).

The Child Custody Act, 23 Pa.C.S. §§ 5321-5340, requires a trial court to consider all of the Section 5328(a) best interests factors when "ordering any form of custody." 23 Pa.C.S. § 5328(a). A trial court must "delineate the reasons for its decision when making an award of custody either on the record or in a written opinion." *S.W.D.*, 96 A.3d at 401. *See also* 23 Pa.C.S. § 5323(a), (d).

However, not every decision by a trial court in a custody case involves an award of custody. *S.W.D.*, 96 A.3d at 402. This Court has held that there is no statutory requirement for an analysis of the Section 5328(a) custody factors when the trial court decides a "discrete and narrow issue ancillary to a materially unchallenged custody arrangement." *M.O.* *v.*

- 6 -

***J.T.R.,*** 85 A.3d 1058, 1059 (Pa. Super. 2014). Undoubtedly, a trial court must consider a child's best interest when ruling upon issues that are ancillary to the custody arrangement. ***Id***. at 1063 n.4. "But[,] our statutes require neither a consideration of all sixteen factors nor delineation of the court's rationale on the record unless the ruling awards custody or modifies an award of custody." ***Id***.

In her first issue, Mother avers that the trial court abused its discretion when it failed to address the Section 5328 custody factors in its written Opinion. Mother's Br. at 2. Mother argues that the trial court ordered a form of custody when it ordered: "All other Orders not inconsistent with this Order shall remain in full force and effect." Mother's Br. at 25 quoting Order, 10/3/19. This argument lacks merit.

In ***S.W.D.***, a case directly on point, this court held that a trial court was not required to consider and apply the Section 5328(a) custody factors when the court decided where a child should attend school, without changing the form of legal custody. 96 A.3d at 403–04. This court reasoned, "[w]hile the choice of where a child will attend school is not trivial and certainly is a major life decision, the court's decision here merely resolved an impasse between the parties who shared the legal right to make this decision. Stated another way, the trial court merely arbitrated a dispute between Mother and Father regarding schooling, instead of granting one of them the right to make that decision." ***Id.***

Instantly, Father filed a Petition for Modification of Custody and Special Relief, requesting both increased partial physical custody and a decision regarding Child's schooling. Prior to a hearing on the Petition, the parties reached an agreement regarding custody, and filed a Stipulated Order increasing Father's periods of partial physical custody. *See* Stipulated Custody Order, 3/19/19. Consequently, at the hearing on Father's Petition, the parties only introduced evidence regarding Child's schooling, including where Child should attend school and whether Child should proceed to Kindergarten or repeat preschool. During the course of the hearing, the parties agreed that Child should remain in preschool and begin Kindergarten at the start of the 2020-21 school year. Accordingly, the only decision before the trial court was whether Child should attend school at Dunmore or Valley View.

The trial court issued an Order that compelled the parties to enroll Child at Dunmore when appropriate and ordered prior consistent custody orders to remain in effect. We reject Mother's argument that the trial court ordered a form of custody. Because the trial court "merely resolved an impasse between the parties who shared the legal right to make this decision" rather than granting one party sole legal custody to make the decision, the trial court was not required to engage in an analysis of the Section 5328(a) custody factors. *See S.W.D.*, 96 A.3d at 403–04. Accordingly, we find no abuse of discretion.

In her second issue, Mother asserts that the trial court abused its discretion when it determined that Child should attend Dunmore, when Mother, Child's primary custodian, resides in Valley View. Mother's Br. at 21-22. Mother argues that because she is Child's primary custodian, and she never entered into a custody agreement for Child to attend school at Dunmore, Child should attend school at Valley View. *Id.* We disagree.

Both the Pennsylvania Code and the Public School Code make it clear that a trial court can order a child to attend school in a district where a parent having partial physical custody resides. *See* 22 Pa. Code. § 11.11(a)(1) (stating that when divorced parents live in separate school districts, "the child may attend school in the district of residence of the parent with whom the child lives for a majority of the time, **unless a court order or court approved custody agreement specifies otherwise**.") (emphasis added); 24 P.S. § 13-1305(a) (stating that when a nonresident child is placed in the home of a resident of any school district **by court order**, the child is entitled to all free school privileges in that district as if they were a resident) (emphasis added). Therefore, Mother's argument fails, and the trial court did not abuse its discretion when it ordered Child to attend Dunmore, where Father resides.

In her third and fourth issues, Mother argues that the trial court abused its discretion when it placed too much weight on the fact that Child's half-siblings will be attending Dunmore in the future, and made findings that Child and siblings will be able to experience the same extra-curricular activities

without support in the record. Mother's Br. at 27, 32. Upon review of the record, we find no abuse of discretion.

The trial court opined:

> The record is clear that [Valley View] and [Dunmore] are fairly comparable. Additionally, the proximity of the schools to the parents' homes are similar. The main consideration for this Court's decision is the best interest of [Child]. This [c]ourt believes that the [Child]'s sibling relationships plays an important role in determining what school district [Child] should attend. This [c]ourt is aware that [Child] has an older sibling in Mother's home, who although could be in the same school district, that child is much older than [Child] and will never be in the same physical school building with [Child]. [Child]'s three siblings at Father's residence will be attending school in Dunmore. Since the parties came to a stipulation that [Child] will not start kindergarten until next school year, [Child] and [Child]'s sibling at Father's residence will only be one year apart in school. This [c]ourt believes that [Child]'s sibling relationships, specifically sharing in certain school events, extracurricular activities and attending school in the same physical building, weigh heavily in favor of [Child] attending [Dunmore]. Additionally, [Child] has numerous relatives who either work or attend school in [Dunmore]. [Child] also has relatives who work at [Valley View] and Mother's friends who work at the school and/or have children who attend the school. Nevertheless the relatives who work and/or attend [Dunmore] together with [Child]'s sibling relationships weigh in favor of [Child] attending school in [Dunmore].

Trial Ct. Op., filed 10/3/19, at 4-5. Our review of the record supports the trial court's findings. We decline to usurp the trial court's credibility determinations or reweigh the evidence. Accordingly, we find no abuse of discretion.

In Mother's last two issues, she contends that the trial court failed to consider all of the evidence and testimony, and failed to consider all of the factors that have an effect on Child's best interest. Mother's Br. at 33. Mother argues that the trial court failed to consider that Child will have to wake up

earlier and have a longer commute to attend Dunmore, and that Valley View is a better school according to the PA Future Read Index. Mother's Br. at 48-50.

Our review of the record belies Mother's claims. As demonstrated above, the trial court did consider the proximity of the schools to each parent's homes and the school's ratings as presented to the court by each educational expert. *See* Trial Ct. Op., filed 10/3/19, at 4. The trial court made findings that Valley View and Dunmore were "fairly comparable" schools and that "the proximity of the schools to the parents' homes are similar." *Id.* The trial court placed great weight on the fact that Child's three younger siblings will be attending Dunmore, and determined that attending the same school would be in Child's best interest. *Id.* Once again, this Court will not reweigh the evidence. Accordingly, we find no abuse of discretion.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 04/22/2020