J-S34029-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CHRISTOPHER J. REYNOLDS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KIMBERLY M. REYNOLDS | : | No. 947 MDA 2021 |

Appeal from the Order Entered July 1, 2021
In the Court of Common Pleas of Schuylkill County Civil Division at
No(s):  S-65-17

BEFORE:  DUBOW, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY McLAUGHLIN, J.:                **FILED:  JANUARY 4, 2022**

C.J.R. ("Father") appeals from the order that entered a stipulation regarding a custody agreement as an order of the court and directed the parties to engage the counseling services of Gretchen Witman. He argues the trial court erred in directing the parties to engage the services of a specific counselor without holding a hearing. We reverse and remand for further proceedings.

Father initiated the current custody action in 2017 against K.R. ("Mother"). On the first day of the custody trial, the parties put the details of the agreement on the record. The parties told the court they had reached an agreement to resolve the case and had agreed, among other things, to counseling for the oldest child, E.R. Mother's counsel proposed on the record that the counselor be Gretchen Witman, as the parties had already "talked about using" her. An on-the-record discussion ensued, and the parties agreed

that all three of their children, E.R., M.R., and A.R. ("Children"), would see a counselor and that the counselor would not be the person who had previously provided therapy sessions to E.R.:

> [Father's Counsel]: . . . [T]he parties agree that they will choose a counselor for the oldest child and by mutual agreement for individual counseling[]
>
> THE COURT: Who shall not be --
>
> [Father's Counsel]: Who shall not be [A.R.] or --
>
> [Mother's Counsel]: Why don't we just agree to it here? I mean, we talked about using Gretchen Witman.
>
> [Mother's Second Counsel]: What I can do, before we put this in writing, I can -- I haven't talked to Gretchen. I haven't spoken to her to see if this is a case that she has time to take. So it's not [Father's Counsel], can I let you know that?
>
> [Father's Counsel]: Yes.
>
> [Mother's Second Counsel]: Then that will give your client time to reach out to her too and --
>
> [Father's Counsel]: The Judge said Gretchen Witman. Do you know Gretchen?
>
> THE COURT: I know Gretchen. She's excellent.
>
> [Father's Counsel]: And where is she located? Is she [in] Pottsville?
>
> [Mother's Second Counsel]: She's in Pottsville.
>
> [Father's Counsel]: So she's going to have to come up here? I mean, what's the distance from where you --
>
> MS. REYNOLDS: That's fine. I mean, [A.R.] would have been here anyway, so -- just could we add all the children because of the --
>
> [Mother' First Counsel]: To help them cope with what we're doing moving forward, I don't see any harm in it.

[Father's Counsel]: She's going to meet with all three or –

[Mother's First Counsel]: As needed.

MS. REYNOLDS: Yeah, as needed.

[Mother's First Counsel]: So if the younger ones have issues, you know, stress or whatever from all this change in their life, they can talk to somebody.

[Father's Counsel]: Yeah. I don't see that there's a problem with that.

THE COURT: Couldn't hurt.

[Father's Counsel]: Just so it's made clear that the -- you know, that the parties have shared legal custody and the counselor has to be open with -- communicate with both parents about all three children. That's been a problem in the past.

THE COURT: And the emphasis should be on the future, not on the past.

[Father's Counsel]: Right.

[Mother's Second Counsel]: Understood.

THE COURT: The parties must understand that, that we're trying to start with a clean slate for the benefit of the children, don't forget. This is what's in the best interests of the children, and it is not a victory for either Father or Mother.

All right.

N.T., Mar. 29, 2021, at 5-7.[1]

Afterward, because the parties had not submitted a proposed order, the trial court did not at that time reduce the agreement to a written order. It instead entered an order returning the record to the prothonotary. According

---

[1] Pursuant to Pennsylvania Rule of Civil Procedure 1915.7, the parties were to submit a proposed custody order within ten days of the hearing. Pa.R.C.P. 1915.7(b)(1). They failed to do so.

- 3 -

to the trial court, Father's counsel then called the judge's chambers and informed the judge's staff that the parties had not reached an agreement on the counselor, and asked for a phone conference. The court held a phone conference during which Father, according to the trial court, objected that using Witman as Children's counselor would be inconvenient and require him to drive two hours. The phone conference was not on the record. According to Father and the trial court, Father was to obtain the transcript of the custody trial and determine if the parties had reached agreement on the counselor. If they had not reached an agreement, the court said that it would enter an order appointing Witman. *See* Trial Court Opinion, filed 8/25/21, at 4.

Father obtained the transcript and shared it with Mother and the trial court. He also advised the trial court that there was no agreement in the transcript as to the counselor. The court subsequently ordered that "the stipulation of the parties and counsel as expressed in the attached transcript is entered as an Order of court." Order, July 1, 2021. It further ordered the parties to "prepare a formal document in paragraph form expressing the intentions of the parties." *Id.* Finally, the court directed the parties "to engage

J-S34029-21

the counseling services of . . . Witman." ***Id.*** [2] Father timely appealed, on July 19, 2021.[3] [4]

Father raises the following issue:

> 1. Whether the Trial Court abused its discretion in [o]rderinq Gretchen Witman as therapeutic counselor for the children without a hearing on the issue and without having any evidence on the record of Plaintiff's objection to said counselor or of his preferred choice of a counselor for the children?

Appellant's Br. at 5.

Father argues the trial court erred in appointing Witman as counselor without holding a hearing. He notes that in the Rule 1925(a) opinion, the trial court refers to conversations that took place off the record "of which recollections or details may differ from party to party." ***Id.*** at 9. He claims the

---

[2] Father claims the court entered the order a day after receiving the transcript. The transcript was docketed with the court on June 25, 2021, and the trial court states it received an *ex parte* call from Father's counsel on June 30, 2021. ***See*** Transcript; Trial Ct. Op. at 5. The court entered its order on July 1, 2021.

[3] The July 2021 order bound the parties to the agreement contained in the transcript but did not include a custody order created by either the parties or the court. ***See*** Pa.R.C.P. 1915.7(b)(1). Even if this were not a final order, there would be no jurisdictional impediment to our review of the case because the parties later filed a stipulation and consent order, which the court adopted. ***See Drum v. Shaull Equip. and Supply Co.***, 787 A.2d 1050, 1052 n.1 (Pa.Super. 2001) (noting a final judgment entered during the pendency of an appeal is sufficient to perfect appellate jurisdiction).

[4] Subsequent to the filing of the appeal, the parties filed a written custody stipulation, which the court adopted and made an order of the court. The trial court stated it signed the August custody order to preserve the status quo pursuant to Pa.R.A.P. 1701(b)(1).

trial court "was well aware that there was no agreement or meeting of the minds between the parties." *Id.* Father points out that it is important to establish a record in custody cases. He argues that the transcript shows that the parties agreed to contact Witman, and that they were unsure whether she would be available. He claims that the issue of distance was raised at the March hearing.

Father further claims that the trial court waited less than 24 hours after receiving the transcript to enter the order and therefore there was no time to file a request for a hearing. He claims that the trial court has not cited a specific statute that grants the court the right to appoint a counselor for a child and, even if it could, the court would have to hold a hearing before doing so. He claims that although "it may be within the purview of the [t]rial [c]ourt to appoint a counselor for children when it is in the children's best interest, a hearing on the record would still be required where it is clear that there is no agreement of the parties as to the choice of counselor." *Id.* at 15. He claims the trial court's contention that the issue was waived because it was not raised at trial is "circular," noting there was no trial and "when a hearing was requested, the request was ignored." *Id.* He claims it was not possible to raise the issue at the time the agreement was placed on the record and argues that "[w]hen it became clear that the parties could not resolve the issue a hearing should have been scheduled so that a proper record could be made preserving each party's position." *Id.* at 15-16.

Both the trial court and Mother maintain that Father waived any objection to Witman by not raising an objection on the record on the first day of the custody trial. We disagree. The trial court concedes that Father notified it that his review of the custody trial transcript revealed no agreement as to the counselor, and that he raised his objection to Witman during the phone conference. Father also adequately preserved his challenge to the lack of an on-the-record hearing. The record contains no notification that the trial court would issue an order regarding the counselor without holding a formal hearing, and Father was not able to request a hearing, or object to the lack thereof, prior to the issuance of the order. Further, in custody actions, "[a] party may not file a motion for post-trial relief." Pa.R.C.P. 1915.10(d). We will review the merits of Father's arguments.

We apply the following scope and standard of review to custody orders:

> In reviewing a custody order, our scope is of the broadest type and our standard is abuse of discretion. We must accept findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations. In addition, with regard to issues of credibility and weight of the evidence, we must defer to the presiding trial judge who viewed and assessed the witnesses first-hand. However, we are not bound by the trial court's deductions or inferences from its factual findings. Ultimately, the test is whether the trial court's conclusions are unreasonable as shown by the evidence of record. We may reject the conclusions of the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court.

*S.T. v. R.W.*, 192 A.3d 1155, 1160 (Pa.Super. 2018) (quoting *C.R.F. v. S.E.F.*, 45 A.3d 441, 443 (Pa.Super. 2012)).

Courts "long have recognized that, when parties share legal custody of a child, they may reach an impasse in making decisions for the child that implicate custody" and "[w]hen that happens, the parties turn to the trial court to decide their impasse." *S.W.D. v. S.A.R.*, 96 A.3d 396, 404 (Pa.Super. 2014) (citing examples). Where there is a "discrete and narrow issue ancillary" to the award of custody, such that the decision will "not affect the form of custody," the trial court need not consider all of the statutory custody factors. *Id.* at 402, 404. However, it still "must consider a child's best interest in ruling" on the issue. *Id.* at 402 (quoting *M.O. v. J.T.R,*, 85 A.3d 1058, 1063 n.4 (Pa.Super. 2014)).

"[I]n all custody matters, effective appellate review requires a complete record." *T.B. v. L.R.M.*, 753 A.2d 873, 890 (Pa.Super. 2000) (*en banc*) (citing *E.A.L. v. L.J.W.*, 662 A.2d 1109 (Pa.Super. 1995)). To that end, a trial court must consider and schedule additional proceedings on the merits when the allegations raised or the facts of record put the trial court on notice of the need to develop the record on an issue. In *T.B.*, we held that the trial court should have held additional hearings "once the [trial] court was alerted to the underdeveloped nature of the evidence", even though the appellant had filed an untimely request for a hearing. *See id.* at 892, 894.

The discrete issue involved in this appeal – the counselor whose services the parties would engage for their children – involves many questions that

must be resolved in order to determine Children's best interests regarding the identity of the counselor. For example, the court may consider what will be the duration of each session; what effect the travel time to Witman's office will have on Children; whether the counseling sessions will cause Children to miss school; what are Children's school and activity schedules and what impact will the sessions have on the schedules; what are Witman's business hours and the hours of other proposed counselors, and do they include evening and weekend hours; and have Children started to see Witman such that a change would be against their best interests.

Here, the trial court concluded that engaging the counseling services of Witman was in Children's best interest based on the "lengthy pre-transcript discussion between counsel regarding the issue." Trial Ct. Op. at 7.[5] Here, as in *T.B.*, the court was on notice of the undeveloped state of the record once Father informed the court that the custody trial transcript did not include an agreement to Witman, and the parties continued to dispute her serving as counselor during the phone conference and afterward. Without an on-the-record hearing that discusses the impact on Children of the appointment of Witman or an alternate counselor, we cannot determine whether the court abused its discretion in finding that it would be in Children's best interest to engage the counseling services of Witman. *See T.B.*, 753 A.2d at 890. We

_____

[5] It further stated that it believed the parties agreed at the March 2021 hearing to engage her services. As noted above, the parties agreed to reach out to Witman. They did not agree that Witman would be the counselor for Children.

therefore remand for the trial court to hold a hearing to resolve the parties'

dispute as to the identity of the counselor.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/04/2022