2019 PA Super 216

| | | |
|---|---|---|
| C.M. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| M.M. | : | No. 1799 MDA 2018 |

Appeal from the Order Entered October 15, 2018
In the Court of Common Pleas of Northumberland County Civil Division at
No(s): CV-16-1076

BEFORE: SHOGAN, J., DUBOW, J., and PELLEGRINI*, J.

OPINION BY SHOGAN, J.: **FILED JULY 12, 2019**

C.M. ("Mother") appeals from the October 15, 2018 order denying her petition for modification of a custody order.[1] After careful review, we vacate and remand.

Mother and M.M. ("Father") are the parents of I.M. ("Child"), who was born in January of 2014. The underlying custody action was initiated by Mother *pro se* in June of 2016, when Child was two years old. Mother asserted that Father "has not been a constant in [Child's] life," and she requested an award of primary physical custody. Custody Complaint, 6/22/16, at ¶ 7.

---

[1] The October 15, 2018 order also denied Mother's petition for contempt. Order, 10/15/18, at ¶1. However, Mother has not challenged that ruling on appeal. Accordingly, we limit our discussion to the trial court's decision on the petition for modification of custody.

---

\* Retired Senior Judge assigned to the Superior Court.

Following a hearing, the trial court granted Mother and Father shared legal custody, Mother primary physical custody, and Father supervised physical custody on alternating Saturdays for four to five hours.[2] Order, 12/20/16, at ¶¶ 1-3. Thereafter, the parties participated in custody conciliation conferences, which resulted in agreed-upon interim orders maintaining shared legal custody and reducing Father's supervised physical custody to one Saturday every four weeks for no more than five hours.[3] *See* Interim Orders 9/27/17, 1/24/18 (providing Father "supervised periods of partial physical custody once every four weeks" with Mother supervising).

---

[2] Specifically, with respect to Father's award of custody, the order provided:

> 3. Defendant, Father, shall have PARTIAL PHYSICAL CUSTODY. Father shall have **supervised visitation** with the minor child every other Saturday for 4 to 5 hours beginning December 31, 2016. Father shall also have a visit on January 28th for 3 hours. The supervision shall be by the mother of the child. . . .

Order, 12/20/16, at ¶ 3 (emphasis added). The Custody Act, 23 Pa.C.S. §§ 5321-5340 ("the Act"), defines "partial physical custody" as "The right to assume physical custody of the child for less than a majority of the time." 23 Pa.C.S. § 5322. However, the Act does not include **supervised visitation**, or any sort of visitation, as a type of **custody**. *See* 23 Pa.C.S. § 5323(a) (defining the types of custody). Rather, the Act defines **supervised physical custody** as "Custodial time during which an agency or an adult designated by the court or agreed upon by the parties monitors the interaction between the child and the individual with those rights." 23 Pa.C.S. § 5322(a). Therefore, we conclude that pursuant to the December 20, 2016 order, Father's custody award was supervised physical custody.

[3] Mother supervised Father's physical custody in this case.

- 2 -

Mother filed a petition for modification of custody on April 23, 2018. Mother alleged that Father was inconsistent in exercising supervised physical custody and that he has brought "several partners" around Child. Petition for Modification, 4/23/18, at ¶ 3. Mother requested the trial court to award her "full legal custody," as opposed to shared legal custody as had been ordered in prior orders. *Id.* at ¶ 4. Following a custody conciliation conference, the court issued an agreed-upon interim order filed on June 7, 2018, granting Mother sole legal custody but directing her to inform Father of all legal custody decisions. Order, 6/7/18. The interim order maintained Father's supervised physical custody one Saturday every four weeks and permitted Father to contact Child by "video chat" every Monday, Wednesday, and Friday for at least five minutes, beginning at 7:00 p.m. *Id.*

The trial court held a custody hearing on October 10, 2018, during which Andrea Pulizzi, Esquire, represented Mother, and Father appeared *pro se*. On October 15, 2018, the trial court denied Mother's petition to modify custody. Order, 10/15/18. The court continued its prior orders granting the parties shared legal custody, Mother primary physical custody, and Father partial physical custody. *Id.* However, the trial court also modified Father's period of custody; it awarded Father custody of Child on the first weekend of each month from Saturday at 10:00 a.m. to Sunday at 5:00 p.m. *Id.* Additionally, the trial court directed that the custody exchange would occur in Milford,

Pennsylvania.[4] *Id.* Finally, the trial court granted Father telephone contact with Child every Tuesday and Thursday prior to 7:30 p.m. *Id.*

On October 29, 2018, Mother filed a *pro se* notice of appeal.[5] The trial court filed its opinion pursuant to Pa.R.A.P. 1925(a) on January 15, 2018.

On appeal, Mother presents the following issues for our review:

> I.      Whether the trial court erred in failing to utilize the relevant factors in determining the best interests of the child[?]
>
> II.      Whether the trial court erred by increasing [Father's] periods of visitation despite testimony and admissions [that Father] wasn't utilizing the time provided to him at time of trial[?]

Mother's Brief at 4.[6]

We review Mother's issues pursuant to the following scope and standard of review:

> [T]he appellate court is not bound by the deductions or inferences made by the trial court from its findings of fact, nor must the reviewing court accept a finding that has no competent evidence to support it. . . . However, this broad

---

[4] Father testified that Milford, Pennsylvania, was halfway between Mother's house in Pennsylvania and his house in Connecticut. N.T., 10/10/18, at 24.

[5] Mother failed to file a concise statement of errors complained of on appeal concurrently with her notice of appeal in violation of Pa.R.A.P. 1925(a)(2)(i) and (b). On November 1, 2018, the trial court issued an order directing Mother to file a concise statement within twenty-one days. Mother timely complied on November 14, 2018, when Attorney Pulizzi filed a concise statement on her behalf. Because Father does not claim prejudice as a result of Mother's procedural violation, we will not quash or dismiss her appeal. *See In re K.T.E.L.*, 983 A.2d 745 (Pa. Super. 2009); *Cf. J.P. v. S.P.*, 991 A.2d 904, 908 (Pa. Super. 2010) (holding that appellant waived all issues by failing to file a concise statement of errors complained of on appeal when directed by the trial court).

[6] Attorney Pulizzi, Mother's trial counsel, represents her on appeal.

scope of review does not vest in the reviewing court the duty or the privilege of making its own independent determination. . . . Thus, an appellate court is empowered to determine whether the trial court's incontrovertible factual findings support its factual conclusions, but it may not interfere with those conclusions unless they are unreasonable in view of the trial court's factual findings; and thus, represent a gross abuse of discretion.

*R.M.G., Jr. v. F.M.G.*, 986 A.2d 1234, 1237 (Pa. Super. 2009) (quoting *Bovard v. Baker*, 775 A.2d 835, 838 (Pa. Super. 2001)). Moreover,

[O]n issues of credibility and weight of the evidence, we defer to the findings of the trial [court] who has had the opportunity to observe the proceedings and demeanor of the witnesses.

The parties cannot dictate the amount of weight the trial court places on evidence. Rather, the paramount concern of the trial court is the best interest of the child. Appellate interference is unwarranted if the trial court's consideration of the best interest of the child was careful and thorough, and we are unable to find any abuse of discretion.

*R.M.G., Jr., supra* at 1237 (internal citations omitted). The test is whether the evidence of record supports the trial court's conclusions. *Ketterer v. Seifert*, 902 A.2d 533, 539 (Pa. Super. 2006).

*A.V. v. S.T.*, 87 A.3d 818, 820 (Pa. Super. 2014).

The primary focus in any custody case is the best interests of the child. "The best-interests standard, decided on a case-by-case basis, considers all factors that legitimately have an effect upon the child's physical, intellectual, moral, and spiritual well[-]being." *Saintz v. Rinker*, 902 A.2d 509, 512 (Pa. Super. 2006) (citing *Arnold v. Arnold*, 847 A.2d 674, 677 (Pa. Super. 2004)).

It is well settled that trial courts are required to consider "[a]ll of the factors listed in section 5328(a) . . . when entering a custody order." ***J.R.M. v. J.E.A.***, 33 A.3d 647, 652 (Pa. Super. 2011) (emphasis in original). This statutory section provides as follows:

**§ 5328. Factors to consider when awarding custody.**

**(a) Factors.** – In ordering any form of custody, the court shall determine the best interest of the child by considering all relevant factors, giving weighted consideration to those factors which affect the safety of the child, including the following:

> (1) Which party is more likely to encourage and permit frequent and continuing contact between the child and another party.
>
> (2) The present and past abuse committed by a party or member of the party's household, whether there is a continued risk of harm to the child or an abused party and which party can better provide adequate physical safeguards and supervision of the child.
>
> (2.1) The information set forth in section 5329.1(a)(1) and (2) (relating to consideration of child abuse and involvement with protective services).
>
> (3) The parental duties performed by each party on behalf of the child.
>
> (4) The need for stability and continuity in the child's education, family life and community life.
>
> (5) The availability of extended family.
>
> (6) The child's sibling relationships.
>
> (7) The well-reasoned preference of the child, based on the child's maturity and judgment.
>
> (8) The attempts of a parent to turn the child against the other parent, except in cases of domestic violence

where reasonable safety measures are necessary to protect the child from harm.

(9) Which party is more likely to maintain a loving, stable, consistent and nurturing relationship with the child adequate for the child's emotional needs.

(10) Which party is more likely to attend to the daily physical, emotional, developmental, educational and special needs of the child.

(11) The proximity of the residences of the parties.

(12) Each party's availability to care for the child or ability to make appropriate child-care arrangements.

(13) The level of conflict between the parties and the willingness and ability of the parties to cooperate with one another. A party's effort to protect a child from abuse by another party is not evidence of unwillingness or inability to cooperate with that party.

(14) The history of drug or alcohol abuse of a party or member of a party's household.

(15) The mental and physical condition of a party or member of a party's household.

(16) Any other relevant factor.

23 Pa.C.S. § 5328(a).

We have explained the trial court's responsibilities relative to custody orders as follows:

Section 5323(d) provides that a trial court "shall delineate the reasons for its decision on the record in open court or in a written opinion or order." 23 Pa.C.S.A. § 5323(d). Additionally, "section 5323(d) requires the trial court to set forth its mandatory assessment of the sixteen Section 5328 custody factors prior to the deadline by which a litigant must file a notice of appeal." *C.B. v. J.B.,* 65 A.3d 946, 955 (Pa. Super. 2013), *appeal denied*, ___Pa. ___, 70 A.3d 808 (2013).

> In expressing the reasons for its decision, "there is no required amount of detail for the trial court's explanation; all that is required is that the enumerated factors are considered and that the custody decision is based on those considerations." *M.J.M. v. M.L.G.,* 63 A.3d 331, 336 (Pa. Super. 2013), *appeal denied*, [620 Pa. 710], 68 A.3d 909 (2013). A court's explanation of reasons for its decision, which adequately addresses the relevant factors, complies with Section 5323(d). *Id.*

*A.V.*, 87 A.3d at 822-823.

As noted above, Mother asserts that the trial court erred in failing to consider the Section 5328(a) best-interest factors. After review, we are constrained to agree.[7]

The record reveals that the trial court did not consider any of the custody factors from Section 5328(a) on the record in open court or in a written opinion or order. The trial court reasoned as follows:

> Counsel for the appellant has also taken issue for our failure or refusal to review the custodial factors. They too, in our view, are irrelevant in a case such as this. We did not alter Primary Custody or Legal Custody. Why should we review the custodial factors which obviously favor the Mother? The only issue in this case is visitation. We are giving Father one last chance to establish a relationship with his child.

Trial Court Opinion, 1/15/18, at 1-2. We conclude that the trial court erred in this conclusion.

In cases where an order does not change the "type" of the underlying custody award or change the amount of custodial time awarded to a party,

---

[7] Based on this disposition, we need not consider Mother's second issue on appeal.

- 8 -

this Court has held that Section 5328(a) is not implicated. ***M.O. v. J.T.R.***, 85 A.3d 1058 (Pa. Super. 2014). In ***M.O.***, we explained as follows:

> The [trial] court was not deciding physical or legal custody, nor even changing the amount of custodial time that either party had with the Children. Rather, the trial court addressed a subsidiary issue: whether Father was required to be off from work while the Children stayed with him for a portion of the summer. After hearing the evidence that the parties presented limited to that sole issue, the trial court decided that Father could work during the three weeks in question. While the court's ruling modified its prior order, it did not change the underlying award of custody.

***M.O.***, 85 A.3d at 1062-1063.

Simply stated, ***M.O.*** is inapplicable. In the case at bar, Mother specifically requested a change in custody. Petition, 4/23/18, at ¶4. This Court has held that, even in cases where the trial court merely reaffirms its prior custody order, it is nevertheless making a ruling on a request to change the form of physical custody; therefore, the trial court is bound to decide whether the order remains in Child's best interest and it is obligated to consider the factors set forth in Section 5328(a). ***S.W.D. v. S.A.R.***, 96 A.3d 396, 406 (Pa. Super. 2014).

Here, the trial court modified Father's supervised physical custody and removed the requirement that Mother was to supervise Father's custodial period. Order, 10/15/18. The subject order modified the existing custody order by awarding Father "partial physical custody," rather than "supervised physical custody." In addition, the order increased Father's custodial time by granting him overnight custody on the first Saturday of each month from

- 9 -

10:00 a.m. until Sunday at 5:00 p.m. *Id.* Erroneously, the trial court offered no explanation as to how Father's partial physical custody award was in Child's best interests. We reiterate that the trial court was required to consider Child's best interests and assess the Section 5328(a) custody factors. *See J.R.M.*, 33 A.3d at 652; *see also M.J.M.*, 63 A.3d at 339 (explaining, "the Legislature has created a mandatory inquiry to aid trial courts in determining the best interests of the child in a custody dispute.").

Thus, as Mother presented the trial court with a petition to modify custody and because the trial court did modify the type, duration, and conditions of Father's custody, the trial court erred when it failed to consider Section 5328(a). *S.W.D.*, 96 A.3d at 397. Accordingly, we vacate the October 15, 2018 order, and remand the matter for the trial court to review Mother's petition to modify and consider the factors from Section 5328(a) on the record or in a written opinion. The trial court shall then enter a new custody order based on its consideration and assessment of Section 5328(a) and Child's best interests.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/12/2019

- 10 -