J-A04005-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ANDREW S. LAUER | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LAUREN LAUER | |
| Appellant | No. 1140 MDA 2022 |

Appeal from the Order Entered July 27, 2022
In the Court of Common Pleas of York County
Civil Division at No.: 2020-FC-000908-03

BEFORE:  STABILE, J., DUBOW, J. and MCCAFFERY, J.

MEMORANDUM BY STABILE, J.:          **FILED: APRIL 3, 2023**

In this child custody dispute, Appellant, Lauren Lauer ("Mother"), appeals from an order awarding Appellee, Andrew Lauer ("Father"), partial physical custody over their child, S.L. ("Child").  Mother argues that the trial court failed to address whether this award is in Child's best interests under the sixteen-factor test articulated in 23 Pa.C.S.A. § 5328.  We vacate the order awarding partial physical custody to Father and remand for a new evidentiary hearing.

Mother and Father are the natural parents of Child who was born in 2017.  On July 27, 2020, Father filed a complaint seeking custody of Child.  On February 2, 2021, the parties entered into a stipulation that, *inter alia*, provided Mother with primary physical custody of Child and Father with partial physical custody of Child on alternating weekends.  The same stipulation also

provided Mother sole legal custody. On March 1, 2021, the court adopted the stipulation as a final order of custody.

On May 28, 2021, Mother filed a petition for special relief to suspend Father's physical custody rights, alleging that Father possibly sexually abused Child. The thrust of Mother's claim was that (1) Father and Child engaged in "sexualized play," and (2) Child made statements that linked such play with things she might have seen or experienced while with Father. Father filed a responsive answer and counter-petition for contempt.

On June 22, 2021, the court held the first of several hearings on the parties' petitions. On June 23, 2021, the court entered an interim order modifying the portion of the order relating to the form of Father's custody from partial physical custody to supervised physical custody, pending completion of proceedings on Mother's petition for special relief. The remainder of the March 1, 2021 order remained in place.

On July 26, 2021, the court held a second hearing. A Lancaster County Children and Youth Services ("CYS") caseworker testified that CYS investigated the sexualized play and statements Child had allegedly made in play therapy and deemed Mother's allegations unfounded. An Ephrata Police Department detective testified that she conducted a criminal investigation of the allegations, including a forensic interview with Child in which Child made no disclosures nor used the language alleged by Mother and Child's therapist. The detective determined that Mother's allegations were entirely fabricated.

On September 1, 2021, the court entered an order prescribing location and transportation requirements for Father's supervised partial physical custody.

On November 18, 2021, the court held a third hearing. Among other witnesses, a York County CYS caseworker testified that the agency had investigated, and deemed unfounded, Mother's allegations.

On December 8, 2021, the court ordered Father's partial physical custody to remain supervised. The court added, however, that Father would have a basis to request reconsideration of the supervision requirement by undergoing an evaluation and successfully completing a denial polygraph from Pennsylvania Counseling.

Father obtained an evaluation from Jamie Raubenstine, a Specialized Outpatient Therapist at Triad Treatment Specialists who often performs sex offender evaluations for courts in central Pennsylvania. On May 2, 2022, Raubenstine authored an assessment that Father passed a denial polygraph and did not pose a risk or threat of harm to Child. On May 17, 2022, Father filed a petition to reinstate partial physical custody rights.

On July 22, 2022, the court held a hearing in which Father, Mother and Raubenstine testified. The court admitted Raubenstine as an expert "in the field of threat of harm evaluations with the component of denial polygraphs." N.T., 7/22/22, at 8. Based on information provided by Father, including but not limited to a polygraph, Raubenstine concluded that Father did not present a risk of harm to Child. Raubenstine emphasized that even if court had not

asked for a denial polygraph, her conclusion that Father did not present a risk of harm would have remained the same. *Id.* at 52.

In an order docketed on July 27, 2022, the court changed the form of Father's custody from supervised physical custody to partial physical custody. The July 27, 2022 order did not address whether this modification was in Child's best interests.

On August 16, 2022, Mother filed a timely appeal to this Court from the July 27, 2022 order. Mother did not appeal any order entered before July 27, 2022. Mother complied with Pa.R.A.P. 1925. On August 26, 2022, the court filed a Pa.R.A.P. 1925 opinion which stated that it was not necessary to address whether the change in the form of Father's custody was in Child's best interests. Opinion, 8/26/22, at 4.

On August 29, 2022, Mother filed an application for supersedeas to stay the July 27, 2022 order. On August 30, 2022, this Court granted the application for supersedeas, stayed the July 27, 2022 order and directed the trial court to reinstate its December 8, 2021 custody order.

Mother raises the following issues in her appeal:

I. Whether the trial court abused its discretion and/or erred as a matter of law in failing to consider the sixteen (16) relevant factors set forth in 23 Pa.C.S.[A.] § 5328(a)(1-16) when awarding Appellee/Father unsupervised partial physical custody?

II. Whether the trial court abused its discretion and/or erred as a matter of law in considering the results of polygraph examinations of the Appellee/Father in awarding Appellee/Father unsupervised partial physical custody?

III. Whether the trial court abused its discretion and/or erred as a matter of law in permitting Appellee/Father's expert witness to testify despite Appellant/Mother never having been provided the expert's curriculum vitae prior to the hearing, preventing Appellant/Mother from a full and fair opportunity to properly challenge said expert's qualifications?

Appellant's Brief at 4.

The lone order under review in this appeal is the July 27, 2022 order awarding Father partial physical custody over Child. In her first argument, Mother asserts that this award is defective because the trial court failed to apply the sixteen-factor "best interests" test prescribed in 23 Pa.C.S.A. § 5328(a). We agree.

In an appeal from a custody order, we apply the following scope and standard of review:

[T]he appellate court is not bound by the deductions or inferences made by the trial court from its findings of fact, nor must the reviewing court accept a finding that has no competent evidence to support it.... However, this broad scope of review does not vest in the reviewing court the duty or the privilege of making its own independent determination.... Thus, an appellate court is empowered to determine whether the trial court's incontrovertible factual findings support its factual conclusions, but it may not interfere with those conclusions unless they are unreasonable in view of the trial court's factual findings; and thus, represent a gross abuse of discretion.

*C.M. v. M.M.*, 215 A.3d 588, 591 (Pa. Super. 2019).

In Pennsylvania, custody disputes are governed by the Child Custody Act, 23 Pa.C.S.A. §§ 5321-5340. The primary focus in any custody case is the best interests of the child. "The best-interests standard, decided on a case-by-case basis, considers all factors that legitimately have an effect upon

the child's physical, intellectual, moral, and spiritual well[-]being." ***Saintz v. Rinker***, 902 A.2d 509, 512 (Pa. Super. 2006).

A series of provisions in the Child Custody Act are relevant to the present custody dispute. 23 Pa.C.S.A. § 5323, entitled "Award of Custody," provides in relevant part:

> **(a) Type of award.** After considering the factors set forth in section 5328 (relating to factors to consider when awarding custody), the court may award any of the following types of custody if it is in the best interest of the child:
>
> (1) Shared physical custody.
>
> (2) Primary physical custody.
>
> (3) Partial physical custody.
>
> (4) Sole physical custody.
>
> (5) Supervised physical custody.
>
> (6) Shared legal custody.
>
> (7) Sole legal custody.

In turn, 23 Pa.C.S.A. § 5328 provides:

> **§ 5328. Factors to consider when awarding custody.**
>
> **(a) Factors.** - In ordering any form of custody, the court shall determine the best interest of the child by considering all relevant factors, giving weighted consideration to those factors which affect the safety of the child, including the following:
>
> (1) Which party is more likely to encourage and permit frequent and continuing contact between the child and another party.
>
> (2) The present and past abuse committed by a party or member of the party's household, whether there is a continued risk of harm to the child or an abused party and which party can better provide adequate physical safeguards and supervision of the child.

(2.1) The information set forth in section 5329.1(a)(1) and (2) (relating to consideration of child abuse and involvement with protective services).

(3) The parental duties performed by each party on behalf of the child.

(4) The need for stability and continuity in the child's education, family life and community life.

(5) The availability of extended family.

(6) The child's sibling relationships.

(7) The well-reasoned preference of the child, based on the child's maturity and judgment.

(8) The attempts of a parent to turn the child against the other parent, except in cases of domestic violence where reasonable safety measures are necessary to protect the child from harm.

(9) Which party is more likely to maintain a loving, stable, consistent and nurturing relationship with the child adequate for the child's emotional needs.

(10) Which party is more likely to attend to the daily physical, emotional, developmental, educational and special needs of the child.

(11) The proximity of the residences of the parties.

(12) Each party's availability to care for the child or ability to make appropriate child-care arrangements.

(13) The level of conflict between the parties and the willingness and ability of the parties to cooperate with one another. A party's effort to protect a child from abuse by another party is not evidence of unwillingness or inability to cooperate with that party.

(14) The history of drug or alcohol abuse of a party or member of a party's household.

(15) The mental and physical condition of a party or member of a party's household.

(16) Any other relevant factor.

*Id.* The court must "expressly consider **all** of the Section 5328(a) factors" when deciding a request to modify custody. *M.J.M. v. M.L.G.*, 62 A.3d 331, 336 (Pa. Super. 2013) (emphasis added).

When the court enters a custody order, 23 Pa.C.S.A. § 5323 requires the trial court to "delineate the reasons for its decision on the record in open court or in a written opinion or order." 23 Pa.C.S.A. § 5323(d). Additionally,

> section 5323(d) requires the trial court to set forth its mandatory assessment of the sixteen Section 5328 custody factors prior to the deadline by which a litigant must file a notice of appeal.
>
> In expressing the reasons for its decision, there is no required amount of detail for the trial court's explanation; all that is required is that the enumerated factors are considered and that the custody decision is based on those considerations. A court's explanation of reasons for its decision, which adequately addresses the relevant factors, complies with Section 5323(d).

*C.M.*, 215 A.3d at 592-93 (citations and quotation marks omitted).

The court has the duty to consider Section 5328(a)'s best-interest factors when any party requests a change in the "form of physical custody." *C.M.*, 215 A.3d at 593. This duty exists "even in cases where the trial court merely reaffirms its prior custody order." *Id.* at 593. Furthermore, we interpret "form of custody" to mean "the seven types of custody listed at 23 Pa.C.S.A. § 5323(a)." *S.W.D. v. S.A.R.*, 96 A.3d 396, 402 (Pa. Super. 2014). Thus, "a trial court must apply the § 5328(a) factors and issue a written explanation of its decision when it orders any of the seven forms of custody provided for by the [Child Custody] Act." *Id.*

Consideration of the Section 5328 factors is not necessary, however, when the custody decision "merely modifie[s] a discrete custody-related issue" instead of changing the form of custody. **M.O. v. J.T.R.**, 85 A.3d 1058, 1063 (Pa. Super. 2014). In a recent memorandum, we fleshed out when custody disputes involve mere "discrete custody-related issues" instead of a change to the form of custody:

> [I]t makes little sense for a trial court to analyze each of the sixteen 5328(a) factors when arbitrating, for example, a dispute over a custody-exchange location; which youth sports the children should play; or whether a parent should be required to have children's toys, beds, or other things in his or her house. Rather, when read as a whole, it is apparent that the [Section] 5328(a) factors were designed to guide the best-interest analysis when a trial court is ordering which party has the **right** to a form of custody. **S.W.D.**, 96 A.3d at 403 (emphasis in original; footnote omitted). Thus, we have not required a trial court to address the Section 5328(a) factors when considering the following disputes between the parties: (1) "whether Father was required to be off from work while the Children stayed with him" during part of the summer; (2) which primary school Child would attend; and (3) whether to grant Mother permission for Child to receive the COVID-19 vaccination. The issue presented in the present appeal — how the parties will pay for Child's therapy sessions — is the same type of discrete custody related issue that does not involve an "award of custody." **See M.O.**, 85 A.3d at 1063.

**Bowman v. Bowman**, 2022 WL 17258587, *4 (Pa. Super., Nov. 29, 2022) (emphasis in original; footnotes omitted).[1]

In the present case, the July 27, 2022 order changed Father's custody from supervised physical custody to partial physical custody. This was a

---

[1] Although **Bowman** is not a published opinion, we may unpublished memoranda filed by this Court after May 1, 2019 for their persuasive value. Pa.R.A.P. 126(b).

change in the form of custody, *see* 23 Pa.C.S.A. § 5323(a), not a mere modification of a discrete custody-related issue such as those catalogued in ***Bowman***. Consequently, the court was required to examine whether this change was in Child's best interests by analyzing the sixteen Section 5328 factors. ***S.W.D.***, 96 A.3d at 402. The court erred by failing to undertake this analysis in its July 27, 2022 order or in its Pa.R.A.P. 1925 opinion.

Our decision in ***C.M.*** confirms that a Section 5328 analysis is necessary. There, the original child custody order awarded Mother primary physical custody and Father supervised physical custody on alternating Saturday afternoons. Subsequently, the court modified the custody order to provide Father partial physical custody on the first weekend of each month from Saturday at 10:00 a.m. through Sunday at 5:00 p.m. Mother appealed, objecting to the court's failure to consider the Section 5328 factors in its modification order. We reasoned:

> [T]he trial court modified Father's supervised physical custody and removed the requirement that Mother was to supervise Father's custodial period. The subject order modified the existing custody order by awarding Father "partial physical custody," rather than "supervised physical custody." In addition, the order increased Father's custodial time by granting him overnight custody on the first Saturday of each month from 10:00 a.m. until Sunday at 5:00 p.m. Erroneously, the trial court offered no explanation as to how Father's partial physical custody award was in Child's best interests. We reiterate that the trial court was required to consider Child's best interests and assess the Section 5328(a) custody factors.

***Id.***, 215 A.3d at 593-94. Thus, we remanded the case for the court to consider the Section 5328 factors on the record or in a written opinion. In the

- 10 -

present case, as in **C.M.**, the trial court ordered a change in the form of Father's custody from supervised physical custody to partial physical custody. Therefore, the trial court was required to consider Child's best interests and assess the Section 5328(a) custody factors. **Id.**

The trial court claims that analysis of the Section 5328 factors was unnecessary because the "sole issue . . . was whether Father's visitation rights should be restored to what was stipulated to by the parties" in March 2021. Opinion, 8/26/22, at 4. The custody rights that Father enjoyed in March 2021 were not relevant at the time of the court's order on July 27, 2022. The only issue on July 27, 2022 was whether to change supervised physical custody, the form of custody **then in place**, to partial physical custody. This issue required examination of the Section 5328 factors to determine what was in Child's best interests. **C.M.**, 215 A.3d at 593.

The trial court then stated that "to the extent review of the Section 5328 factor was necessary," there "were no changes in the case dynamics" after March 2021 "outside of the issue whether Father's custody should be supervised or not." Opinion at 4. In our view, the change from supervised to partial physical custody was a significant "change in case dynamics" that required analysis under Section 5328. To perform this task satisfactorily, the court must "expressly consider **all** of the Section 5328(a) factors" either in its order or its Pa.R.A.P. 1925 opinion. **M.J.M. v. M.L.G.**, 62 A.3d 331, 336 (Pa.

- 11 -

Super. 2013) (emphasis added). This analysis is missing from the trial court's opinion.

Under these circumstances, we are constrained to remand this case to the trial court for a new evidentiary hearing concerning the form of Father's custody. A new hearing is necessary because Child's best interests might have changed between the July 27, 2022 order and the present date. Due to the already protracted nature of this case, the hearing shall take place within 45 days after the return of the certified record to the trial court. At the conclusion of the new hearing, the trial court shall consider all of the Section 5328 factors to determine the proper form of Father's custody. Our decision to remand makes it unnecessary to review the other issues raised in Mother's appeal.

Case remanded for further proceedings in accordance with this memorandum. Jurisdiction relinquished.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 04/03/2023